7067.   BROCK *et al. v.* SLATON, Governor.

WADE, J.   1.   After an indictment by a grand jury has been returned to
a superior court, and the case so originating has by order of that court
been legally transferred to a county court having jurisdiction to try
the defendant for the offense charged, the case is pending no longer in
the superior court, but in the county court to which it has been so
transferred.   See *Hunly* v. *State,* 105 *Ga.* 636, 639 (31 S. E. 543).

2. Where, in such a case, the defendant made a demand for trial, which
was entered on the minutes of the superior court prior to the transfer
of the indictment, and he was present at the first term of the county
court thereafter, held more than ten days after the transfer, and was
not then put upon trial, he was entitled to his discharge at a subse-
quent term of the county court, notwithstanding the fact that, by rea-
son of the failure of officers of the county court to serve the defendant
with notice of the transfer, the county court was without authority,
under the provisions of section 752 of the Penal Code of 1895 (6 Park's
Annot. Code, § 790 (s) ), to force the accused to trial at the first term
subsequent to the transfer of the indictment.   'Any other rule would
leave it in the power of court officials, by refraining from serving notice
of the transfer of an indictment, to practically deny the defendant his
right to demand and compel a speedy trial, until such time as might suit
the pleasure of the State or the prosecutor.   Under this section of the
code, the State is required to give notice of the transfer, but a failure
to give such notice, on the part of the officials charged with that duty,
should nevertheless not operate to deprive the defendant of an impor-
tant right accorded him by law.

3. The defendant's plea setting up these facts was good and sufficient, in a
proceeding to forfeit the bond for his appearance to answer for the
crime charged in the indictment.

4. The judge of the superior court erred in overruling the certiorari.

*Judgment reversed.*

DECIDED MAY 26, 1916.

Certiorari; from Henry superior court—Judge Searcy.   Octo-
ber 18, 1915.

*E. J. Reagan,* for plaintiff in error.

*Paul Turner, E. M. Owen,* contra.