### 69683. MAJIA v. THE STATE.
(330 SE2d 171)

CARLEY, Judge.

Appellant was arrested and charged with the offenses of driving under the influence of alcohol and speeding. The matter came before the Recorder's Court of Gwinnett County, where appellant filed a demand for a jury trial at that term or the next term. On the same day the demand was filed, January 17, 1984, appellant was bound over to the State Court of Gwinnett County on the charges. Thereafter, the solicitor of the State Court filed accusations against appellant.

Appellant's trial was scheduled for June 1984, during the May term of court. In May 1984, appellant moved for discharge and acquittal pursuant to OCGA § 17-7-170. The trial court found that there were juries impaneled and qualified to try appellant at the Jan-

uary term when his demand was transferred and filed in the State Court of Gwinnett County. Juries were also impaneled and qualified to try appellant at the next succeeding regular term, which began in March, but he was not tried at either term. Nevertheless, the court ruled that appellant was not entitled to discharge. Appellant appeals directly from the order denying his motion for acquittal. *Smith v. State*, 169 Ga. App. 251 (1) (312 SE2d 375) (1983).

1. We note at the outset that a demand for speedy trial pursuant to the provisions of OCGA § 17-7-170 may not be made until an indictment has been returned or an accusation preferred. *Fisher v. State*, 143 Ga. App. 493 (238 SE2d 584) (1977). However, where, as here, a defendant has received a "Georgia Uniform Traffic Citation, Summons, Accusation/Warning," the citation itself contains the accusation, and an accusation subsequently filed by the solicitor's office is superfluous. Thus, appellant's demand for speedy trial was not premature. *Collins v. State*, 154 Ga. App. 651 (1) (269 SE2d 509) (1980). Moreover, when a demand for speedy trial has been filed, and the case is transferred from one court to another, the demand is also transferred. "Where a demand for trial has been made in accordance with the statute, the accused is entitled to a trial within two terms, — the current term or the next succeeding term; and if another court gets jurisdiction, this rule must [still] apply." *Castleberry v. State*, 11 Ga. App. 757, 758 (76 SE 74) (1912). See also *Brock v. Slaton*, 18 Ga. App. 175 (2) (89 SE 156) (1916); *Towns v. State*, 28 Ga. App. 500 (2) (111 SE 692) (1922).

2. In denying appellant's motion for acquittal, the trial court relied upon the special legislation which established the State Court of Gwinnett County. Ga. L. 1977, p. 3331. A 1981 amendment to that Act specifically addressed speedy trial demands. Ga. L. 1981, pp. 3033, 3034. Under that amendment, when a person has made a demand for speedy trial, he is entitled to discharge and acquittal if he is not tried "at the term when the demand is made, or within the *next two succeeding regular terms thereafter.*" (Emphasis supplied.) The trial court recognized that this rule conflicts with the general law of OCGA § 17-7-170, which provides for discharge and acquittal if a person is not tried at the term when his demand is made or at the next succeeding regular term thereafter. However, OCGA § 17-7-170 antedated the law establishing the State Court of Gwinnett County, and the trial court ruled that the special legislation, as "the last expression of the General Assembly on the subject," superseded the general law and precluded appellant's discharge. *State v. Ramsey*, 147 Ga. App. 150 (248 SE2d 289) (1978).

In *Ramsey*, supra at 151-152, this court noted that the last expression of the General Assembly on a subject is controlling, whether that expression is a special enactment or a general enactment. How-

ever, the last expression of the General Assembly with regard to practice and procedure in Georgia's state courts appears to be Ga. L. 1983, p. 1419, codified as OCGA Ch. 15-7. One of the purposes of that Act was to provide for uniformity among state courts, and the law applies to and governs all state courts. Unless otherwise provided in OCGA Ch. 15-7, when there is a conflict between that chapter and local law, the general law is controlling. OCGA §§ 15-7-3; 15-7-60. Although local law may determine trial terms, OCGA § 15-7-40, the general laws and rules of practice, pleading, procedure, and evidence which are applicable to the superior courts of this State also apply to and govern the state courts. OCGA § 15-7-43 (b).

OCGA Ch. 15-7 makes no specific reference to speedy trial demands. However, OCGA § 17-7-170 clearly falls within "the general laws and rules of practice, pleading, procedure, and evidence which are applicable to the superior courts of this [S]tate . . . ." See generally *Holland v. State,* 151 Ga. App. 189, 190 (1) (259 SE2d 187) (1979). There being nothing "otherwise provided" in OCGA Ch. 15-7, OCGA § 17-7-170 controls and governs practice in the State Court of Gwinnett County. OCGA § 15-7-3. Accordingly, appellant was entitled to be discharged and acquitted because he was not tried at the term in which his demand for speedy trial was made or at the next succeeding regular term, and there were juries impaneled and qualified to try him at each of those terms. The trial court erred in denying appellant's motion for discharge and acquittal pursuant to OCGA § 17-7-170. *Huckeba v. State,* 157 Ga. App. 795, 798 (278 SE2d 703) (1981) (which did not involve the 1981 amendment to the Gwinnett County State Court Act discussed herein); *Bush v. State,* 152 Ga. App. 598 (263 SE2d 499) (1979). Compare *Castleberry v. State,* supra, wherein the motion for discharge on speedy trial grounds was made prior to the expiration of the next succeeding regular term of court.

3. The record of the instant case contains nothing to suggest that the State's contention on appeal regarding notice of appellant's demand was raised below. This court will not consider issues raised for the first time on appeal. *Payne v. State,* 171 Ga. App. 150 (1) (318 SE2d 826) (1984); *Scott v. State,* 243 Ga. 233 (253 SE2d 698) (1979).

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED APRIL 1, 1985 —
REHEARING DENIED APRIL 10, 1985 —

*C. Alan Mullinax*, for appellant.
*Herbert T. Jenkins, Jr., Solicitor, Carey M. Cameron, Assistant Solicitor*, for appellee.