## 70020. HENSLER v. THE STATE.
(332 SE2d 45)

DEEN, Presiding Judge.

Stuart Alan Hensler was accused of driving under the influence, driving while license was suspended or revoked, speeding, and giving a false name. He appeals from an order of the trial court denying his motion for acquittal. *Held*:

The court below found that the defendant made a timely demand for a jury trial pursuant to OCGA § 17-7-170 during the January 1984, term of court and that juries were impaneled and qualified to try him at the term his demand was filed and also during the next succeeding term of court (the March term). He was not tried, but was scheduled for trial on May 21, 1984, during the May term of court.

The motion was denied on the basis that the Act establishing the State Court of Gwinnett County, Ga. L. 1977, p. 3331; as amended Ga. L. 1979, pp. 3033, 3034, was a special enactment which prevailed over the general law. It provides: "[I]f such a person shall not be tried at the term when the demand is made, or within the next two succeeding regular terms thereof" he is entitled to be discharged. In *Majia v. State*, 174 Ga. App. 432 (330 SE2d 171) (1985), this court held that OCGA § 17-7-170 controls and governs the practice in the State Court of Gwinnett County.

*Judgment reversed. Pope and Beasley, JJ., concur.*

Decided April 8, 1985 —
Rehearing denied April 19, 1985 —

*C. Alan Mullinax*, for appellant.
*Herbert T. Jenkins, Jr., Solicitor, Carey M. Cameron, Assistant Solicitor*, for appellee.