72150. THE STATE v. SPENCE.
(347 SE2d 612)

BANKE, Chief Judge.

At issue in this appeal is whether a criminal defendant can file a valid demand for trial, within the contemplation of OCGA § 17-7-170 (a), with respect to a traffic charge which has not yet been formally docketed or filed in any court.

The defendant in this case was arrested by a state patrolman on February 1, 1985, on charges of driving under the influence and violating the Georgia Controlled Substances Act. A separate "Uniform

Traffic Citation, Summons, Accusation/Warning" was executed by the patrolman with respect to each offense. See generally OCGA § 40-13-1. The defendant was then transported to the DeKalb County Jail, where, upon being released on bond, he was given a notice purporting to have been issued by the Clerk of the State Court of DeKalb County directing him to appear in that court for arraignment on May 6, 1985. The uniform traffic citations were subsequently delivered to the Office of the DeKalb County Solicitor.

On March 28, 1985, the defendant filed with the Clerk of the State Court of DeKalb County a demand to be tried on the charges within the next subsequent term of court. It is undisputed that the language of this demand met the requirements of *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149) (1982), so as to invoke the automatic acquittal provisions of OCGA § 17-7-170 (a). However, at the time the demand was filed, the traffic citations had not yet been filed with the clerk's office but were still in the possession of the solicitor's office. The solicitor's office filed the citations a week later, on April 4, 1985, along with a formal accusation signed by the solicitor.

The State Court of DeKalb County has four annual terms, beginning in January, April, July, and October, respectively, of each year. The defendant filed his demand for trial during the January term, at a time when it is undisputed that there were qualified jurors impaneled before whom he could have been tried. The defendant was not placed on trial during that term or within the next subsequent term; and, consequently, on July 8, 1985, he successfully moved for discharge and acquittal pursuant to OCGA § 17-7-170. On appeal, the state contends that the defendant's demand for trial was invalid because it was filed before any accusation had been filed against him. *Held*:

OCGA § 17-7-170 provides as follows: "(a) Any person against whom a true bill of indictment or an accusation is found for an offense not affecting his life may enter a demand for trial at *the court term at which the indictment or accusation is found* or at the next succeeding regular court term thereafter; or, by special permission of the court, he may at any subsequent court term thereafter demand a trial. In either case, the demand for trial shall be placed upon the minutes of the court. (b) If the person is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted of the offense charged in the indictment or accusation." (Emphasis supplied.)

In *Majia v. State*, 174 Ga. App. 432 (1), 433 (330 SE2d 171) (1985), citing similar language appearing in *Collins v. State*, 154 Ga. App. 651 (1) (269 SE2d 509) (1980), this court stated that where a defendant is issued a Uniform Traffic Citation, "the citation itself

contains the accusation, and an accusation subsequently filed by the solicitor's office is superfluous." This ruling is consistent with the language of OCGA § 40-13-3, which provides, in pertinent part, as follows: "Except for offenses tried in the superior courts, all other courts having jurisdiction of the offense shall proceed with the adjudication of the offenses contained within the [uniform traffic citation and complaint form] *without the necessity of filing an indictment or other accusation* in order to bring the accused to trial." (Emphasis supplied.) But see *Roberts v. State*, 171 Ga. App. 131 (1) (319 SE2d 42) (1984) (in which a contrary holding was set forth, without reference either to the above statute or to the existing authority of *Collins v. State*, supra).

In *Majia* and *Collins*, supra, this court held that a defendant's right to file a demand for trial with respect to a charge for which he had been arrested and issued a uniform traffic citation commenced upon the return of the citation to recorder's court, even though the recorder's court did nothing more than transfer the case to state court for trial. These two cases would appear to stand for the general proposition that an accusation embodied in an existing uniform traffic citation is "found" within the meaning of OCGA § 17-7-170 (a) at the moment any court which is lawfully entitled to do so asserts its jurisdiction over the case.

Although in the present case no judge had taken any action on the charges against the defendant at the time he filed his demand for trial, we hold that the issuance by the clerk of the state court of the notice directing him to appear in that court on a specified date for arraignment constituted a sufficient exercise of jurisdiction over the case by that court to support the filing of the demand. Consequently, we hold that the trial court did not err in granting the motion for discharge and acquittal. To rule otherwise would be to enable a state court solicitor effectively to frustrate a defendant's rights pursuant to OCGA § 17-7-170 by the simple expedient of delaying, perhaps for many months, the filing of the uniform traffic citation with the clerk's office.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

ON MOTION FOR REHEARING.

On motion for rehearing, the state argues that our decision in the present case is in conflict both with our holding in *Fisher v. State*, 143 Ga. App. 493 (238 SE2d 584) (1977), and with certain language appearing in *Andrews v. State*, 175 Ga. App. 22, 24 (332 SE2d 299) (1985), and *Haisman v. State*, 242 Ga. 896, 898 (252 SE2d 397) (1979).

The defendant in *Fisher v. State*, supra, was not arrested pursu-

ant to a uniform traffic citation but pursuant to a warrant issued by a justice of the peace. There is, of course, no statute analogous to OCGA § 40-13-3 permitting an arrest warrant to be used as a substitute for a formal accusation. The cases of *Andrews v. State*, supra, and *Haisman v. State*, supra, are inapposite in that the defendants therein never filed statutory demands for trial; rather, they were asserting violations of their constitutional right to a speedy trial.

While it is true that each of these cases contains language supportive of the general proposition that the right to file a statutory demand for trial does not attach until an indictment has been returned or an accusation filed, none of them purports to address the specific issue presented by the present case, i.e., whether an accusation may be deemed to have been "found" within the meaning of OCGA § 17-7-170, so as to permit the filing of a valid demand for trial, where an arrest has been effected pursuant to a uniform traffic citation, and the clerk of the trial court has issued the defendant a notice to appear in that court for arraignment on the charges specified therein. As previously indicated, this court has twice held that where a defendant has been bound over to state court by a recorder's court to be tried on the charges set forth in a uniform traffic citation, he need not await the filing of the citation in state court to file a statutory demand for trial. See *Majia v. State*, 174 Ga. App. 432 (330 SE2d 171) (1985); *Collins v. State*, 154 Ga. App. 651 (269 SE2d 509) (1980). It necessarily follows that in such cases the accusation is considered "found" within the meaning of the code section before it is actually filed with the clerk of the trial court.

In response to the state's additional assertion on motion for rehearing that justice will not be served "if a defendant can force a prosecutor to trial, particularly in a complicated and perhaps serious case, before that prosecutor has had a reasonable opportunity to prepare the case," we observe that prosecutions based on uniform traffic citations will not normally be so serious or complex as to require lengthy pretrial investigation or preparation. That is undoubtedly one of the reasons the Legislature chose to dispense with the necessity of a formal accusation in such cases.

Finally, our decision in the present case should not be interpreted as limiting the discretion of the solicitor to proceed on the basis of a formal accusation rather than on the basis of the uniform traffic citation where one has been issued. We merely hold that the solicitor's discretion in this regard will not control the defendant's right to file a statutory demand for trial with respect to charges on which he has been arrested, issued a uniform traffic citation, and notice to appear in the trial court for arraignment.

DECIDED JUNE 17, 1986 —
REHEARING DENIED JULY 14, 1986 —

*Ralph T. Bowden, Jr., Solicitor, Elliott A. Shoenthal, Henry M. Newkirk, Assistant Solicitors*, for appellant.

*Charles A. Mullinax*, for appellee.

*Norman Miller, Joseph L. Chambers, Charles H. Frier*, amici curiae.