### 73473. THE STATE v. BOSTWICK.
(352 SE2d 824)

CARLEY, Judge.

With the exception of a single factor, the instant case is factually indistinguishable from *Majia v. State*, 174 Ga. App. 432 (330 SE2d 171) (1985), aff'd 254 Ga. 660 (333 SE2d 834) (1985). As to several offenses, appellee filed his original demand for speedy trial in the Recorder's Court of the City of Roswell. Appellee's demand was personally served on the City Solicitor assigned to the Recorder's Court. Appellee's case was subsequently transferred to the State Court of Fulton County for prosecution. Several terms of State Court thereafter, appellee moved for discharge and acquittal as to the pending offenses basing his motion on the State's failure to try him timely pursuant to his demand. The trial court conducted a hearing on appellee's motion and granted it. The State appeals from the order

granting appellee's motion for discharge and acquittal.

The factual distinction between *Majia v. State* and the instant case is the following: When the instant case was transferred, the Clerk's Office of the Recorder's Court allegedly failed to include appellee's demand for speedy trial among the papers that were forwarded to the State Court. Based upon this alleged clerical failure, the State urges that the Solicitor's Office of the State Court never received proper notice of appellee's demand and that this lack of notice should be attributed to appellee. The contention is that, notwithstanding appellee's filing of his demand in the Recorder's Court, the Solicitor's Office of the State Court was the only proper party upon which service of the demand could properly be effected.

We held in *Majia v. State*, 174 Ga. App. supra at 433 (1), that a demand for speedy trial filed in a recorder's court is "not premature. [Cit.]" Implicit in that holding is that the designated official charged with responsibility for prosecuting offenses in the recorder's court would be the appropriate individual upon whom to effect service. See generally OCGA § 17-1-1. Accordingly, appellee's demand and the service thereof were proper. "[W]hen a demand for speedy trial has been filed, and the case is transferred from one court to another, the demand is also transferred." *Majia v. State*, 174 Ga. App. supra at 433 (1). "[T]he demand follows the indictment [or accusation]. [Cit.]" *Castleberry v. State*, 11 Ga. App. 757 (76 SE 74) (1912). Thus, it is incumbent upon the clerk's office of the transferring court to forward a properly filed demand to that court which has newly acquired jurisdiction over the case. The defendant has no further obligation to insure that the clerk of court performs his duty. *Jeffries v. State*, 140 Ga. App. 477, 479 (1) (231 SE2d 369) (1976).

The lack of notice on the part of the Solicitor's office of the State Court was attributable to a clerical failure, not a failure on the part of appellee to file and serve his demand as authorized by law. It follows that the trial court correctly granted appellee's motion for discharge and acquittal. "The demand for speedy trial . . . has always been substantive and not merely a procedural device. From the beginning, the courts of this [S]tate have held that the statutory right is imperative, and it means that if the [S]tate fails to try a defendant eligible for trial as set forth in the statute, the prisoner absolutely shall be discharged and acquitted of the offense with which he stands charged. It means this, or it means nothing. [Cit.]" *Jeffries v. State*, supra at 479 (1).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 13, 1987.

*James L. Webb, Solicitor, Christine E. Bryce, Assistant Solici-*

510

*tor*, for appellant.
*Robert F. Webb*, for appellee.