## 73169. MATTHEWS v. THE STATE.

(354 SE2d 175)

BEASLEY, Judge.

This case was returned to this Court by the Supreme Court of Georgia, which transferred it on the ground that it was from the denial of the motion to discharge the defendant from the non-capital felonies only and this did not fall under *State v. Thornton*, 253 Ga. 524 (1) (322 SE2d 711) (1984). See *Krystal Co. v. Carter*, 256 Ga. 43 (2) (343 SE2d 490) (1986).

Matthews appeals from the denial of his motion for discharge and acquittal based on failure to grant him a speedy trial pursuant to Georgia statute.

1. He was indicted for numerous offenses, including murder (OCGA § 16-5-1 (a)), on October 1, 1985, Indictment # A-79662. On January 30, 1986, out-of-state counsel for Matthews filed a "Waiver for Arraignment" which contained, in the body, a "specific demand for speedy trial pursuant to Georgia Statutes Annotated § 17-7-171." (No issue is made of counsel's noncompliance with OCGA §§ 15-19-1 and 15-19-51. The trial court later granted him special permission to appear, pursuant to Rule 4.4, Uniform Rules of the Superior Courts.)

On February 18, 1986, Indictment # A-81770 was returned, containing the same four counts as # A-79662 and adding an aggravated assault count and a felony murder count (OCGA § 16-5-1 (c)). Matthews then changed counsel. New counsel filed numerous motions, including, on March 21, 1986, a motion challenging the grand and petit juries. See *Wilson v. State*, 181 Ga. App. 337 (351 SE2d 189) (1986). Several motions filed by original counsel were also pending at the time defendant moved for discharge and acquittal.

On April 29th, although advised by counsel not to, Matthews filed a pro se "Motion for Speedy Trial" which stated: "As the basis for this motion, defendant cites Georgia Code § 17-7-171 as applied to Indictments A-79662, A-81770 and any and all indictments and charges included in this case." The record below is unclear whether there were jurors impaneled and qualified to try the defendant on that date, but that purported demand is not relied on by the defendant in this appeal.

Fulton County superior court has six terms, beginning in January, March, May, July, September, and November. The first indictment was returned in the September 1985 term and the first demand was not made until the January 1986 term. The second indictment was returned in the January term and the purported second demand was filed in the March term.

On May 19, 1986, defendant's Motion for Discharge and Acquittal pursuant to OCGA § 17-7-170 was filed, seeking dismissal of all non-capital offenses and referring to Indictment # A-79662. Although

the motion states that the demand was based on OCGA § 17-7-170, the demand shows on its face that it was made pursuant to OCGA § 17-7-171.

OCGA § 17-7-170 applies to non-capital felonies and provides that upon proper demand, the state must try the defendant during the term when the demand is made or at the next succeeding regular court term. OCGA § 17-7-171 provides that, upon a proper demand, "[i]f more than *two* regular terms of court are convened and adjourned after the term at which the demand is filed and the defendant is not given a trial, then he shall be absolutely discharged and acquitted of the offense charged in the indictment." (Emphasis supplied.) OCGA § 16-1-7 (b) provides that, when the conduct of the accused establishes more than one crime, "they *must* be prosecuted in a single prosecution except as provided in subsection (c) of this Code section." (Emphasis supplied.) Subsection (c) states that "[w]hen two or more crimes are charged as required by subsection (b) . . . the court in the interest of justice may order that one or more of such charges be tried separately." The record reveals no motion for severance filed on behalf of Matthews, so all of the charges relating from the conduct at issue must be tried together.

The defendant's specific demand was made under OCGA § 17-7-171, not § 17-7-170. Because the sanctions provided by both sections are so extreme, constituting a complete plea in bar, the demands triggering these sanctions are strictly construed. *State v. Benton*, 246 Ga. 132 (269 Ga. 470) (1980); *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149) (1982). The defendant is entitled to no more than he requested and that was a trial within two terms after the term when the demand was made. Assuming, without deciding, that the demand filed on January 30th, invalid as to the first indictment, later became effective as to the indictment returned February 18th, and that the failure to timely file his first demand is not fatal to the second, (see *Hubbard v. State*, 176 Ga. App. 622, 624 (2) (337 SE2d 60) (1985)), as urged by defendant, the demand did not require trial before the end of the May term, i.e., June 30th. Since the motion for discharge and acquittal was filed before that date, it was premature and its denial was not error.

2. Enumeration Nos. 2-6 all deal with various acts of defendant and his counsel which were found by the trial court to have been waivers of the speedy trial demand. Due to the ruling in Division 1, it is not necessary to address these enumerations.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 4, 1987 —
REHEARING DENIED FEBRUARY 18, 1987.

*Stephen M. Friedberg, Howard W. Goldstein,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, William Fincher, Assistant District Attorneys,* for appellee.