## 74608. VONDOLTEREN v. THE STATE.
(361 SE2d 833)

POPE, Judge.

The defendant was arrested on October 4, 1985 and charged with the offenses of DUI, driving with a suspended license, improper lane usage, driving with no proof of insurance and being a habitual violator. Defendant was issued a Uniform Traffic Citation, Summons, Accusation/Warning for each of these offenses and was ordered to appear in the Recorder's Court of Thunderbolt, Georgia on October 16, 1985. Following several continuances, a hearing was finally held on these matters on May 7, 1986 at which time defendant was bound over to the Superior Court of Chatham County. Although not contained in the record before this court, the defendant apparently filed a "Demand for Trial" with the recorder's court on that same date, but after he had been bound over to superior court. The parties have stipulated that after the case was bound over on May 7, 1986 and prior to May 23, 1986 the clerk of the recorder's court forwarded the record in this case to the Chatham County District Attorney's office, who in turn forwarded the record to the Court Administrator of the Superior

---

Court of Chatham County. Thereafter, the district attorney dropped the felony (habitual violator) charge and the case was transferred to the State Court of Chatham County. The parties have further stipulated that the record was then returned to the district attorney's office, who then forwarded the "necessary documents" to the Clerk of the State Court of Chatham County. Apparently, however, defendant's demand for trial was not included in those documents.[1]

On September 17, 1986 defendant received notice that he was to be arraigned on October 9, 1986. Apparently on that same date defendant filed a plea of autrefois acquit, which is also not a part of the record on appeal, based on the State's failure to try him timely pursuant to his demand. The trial court entered an order denying defendant's plea on December 9, 1986. In that order the trial court found that defendant's demand was not prematurely filed since the Uniform Traffic Citations issued to him contained the necessary accusations, see, e.g., *Spence v. State*, 179 Ga. App. 750 (347 SE2d 612) (1986); *Majia v. State*, 174 Ga. App. 432 (1) (330 SE2d 171) (1985), but nevertheless held that defendant's demand was improperly filed because it was not served on the district attorney pursuant to OCGA § 17-1-1. Defendant appeals and enumerates as error both the denial of his plea of autrefois acquit and the trial court's ruling that the filing of the demand for trial with the clerk of the recorder's court did not constitute proper service of the demand. *Held*:

In the case at bar, we are asked to determine whether the trial court erred in denying defendant's plea of autrefois acquit without having in the record before us either defendant's "Demand for Trial" or his plea. Since it is apparently undisputed, however, that defendant failed to perfect service on either the official charged with prosecuting offenses in the recorder's court, where the demand was filed, or with the official responsible for prosecuting offenses in the superior court, where the case had been transferred prior to defendant's filing his demand for trial, we find that the trial court did not err in denying defendant's plea based on his failure to serve the appropriate official with a copy of his demand. See OCGA § 17-1-1. Cf. *State v. Bostwick*, 181 Ga. App. 508 (352 SE2d 824) (1987).

We also are compelled, however, to go beyond the trial court's

---

[1] Although the procedure used in transferring the present case to the superior and state courts is not urged as error on appeal, we are compelled to make reference to Uniform Superior and State Court Rule 26.2, which provides the procedure to be followed by the clerks of courts of this state in transferring the record to another court after a case has been bound over to that court. We also note that although it is not the responsibility of the defendant to insure that the clerk performs his duties, it is the responsibility of the appealing party 'to provide the court with that portion of the record or transcript which is necessary to decide the issue or issues presented on appeal. See generally *Howe v. State*, 250 Ga. 811 (2) (301 SE2d 280) (1983).

order and note the obvious — that unlike the situation which occurs when a demand is properly filed prior to the case being transferred to another court, see *Bostwick*, supra, a defendant who proceeds to file his demand in a court in which his action is no longer pending incurs the substantial risk that the trial court, as well as the prosecuting official, will never receive his demand and thus will be loath to consider same as a basis for acquittal.[2]

We are also compelled to note that throughout the briefs of the parties and the order of the trial court defendant's demand is consistently referred to as a "Demand for Trial." Although the record before us does not provide us with even a glimpse as to the contents of this demand, we note that "a demand which merely requests a trial by jury is insufficient; to invoke the extreme sanction of OCGA § 17-7-170 the demand must provide a reasonable reference to the provisions of that section, or otherwise clearly indicate that it is a demand for speedy trial. [Cits.]" *State v. Prestia*, 183 Ga. App. 24 (357 SE2d 829) (1987); see also *Ferris v. State*, 172 Ga. App. 729 (1) (324 SE2d 762) (1985); *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149) (1982). Lastly, it is also not apparent from the record before us whether defendant's demand, which was filed some six months after the issuance of the Uniform Traffic Citations which constituted the original accusations against him, was timely filed. See OCGA § 17-7-170; *Collins v. State*, 154 Ga. App. 651 (1) (269 SE2d 509) (1980).

*Judgment affirmed. Deen, P. J., concurs. Birdsong, C. J., concurs in judgment only.*

## ON MOTION FOR REHEARING.

On rehearing defendant argues that his "Demand for Trial" and "Plea of Autrefois Acquit" were in fact available for this court's review, as a "conformed" copy of the former and a copy of the latter were attached to defendant's application for interlocutory review. In so arguing, it appears that defendant misperceives the nature of the record on appeal, which consists only of that portion of the record which is certified and transmitted by the clerk of the court below to the clerk of this court. Transmittal by a party or attorney is specifically prohibited. Court of Appeals Rule 41. We also note that prior to the issuance of our opinion in the present case, the office of the clerk of this court contacted the clerk of the court below in an attempt to

---

[2] In this regard, we refer the bench and bar to the recent amendment to OCGA § 17-7-170, effective July 1, 1987, which obviates many of the concerns presented in the case at bar by providing that a demand for speedy trial shall be served on the prosecutor and shall be binding only in the court in which it is filed, except where the case is transferred from one court to another without a request from the defendant.

have the defendant's demand for trial certified and transmitted to this court; however, the clerk of the trial court represented to the office of the clerk of this court that a demand for trial was not included in the record originally received by that court and that such a demand has never been filed with that court. Lastly, defendant also argues that the parties have stipulated that the demand for trial was forwarded by the clerk of the recorder's court to the district attorney's office. However, our review of the parties' stipulation shows only that the *record* was forwarded to the district attorney's office; whether defendant's demand for trial was part of that record has not been shown.

*Motion for rehearing denied.*

DECIDED SEPTEMBER 11, 1987 —
REHEARING DENIED SEPTEMBER 29, 1987 — 

*Joseph B. Bergen, Frederick S. Bergen,* for appellant.
*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney,* for appellee.