## 77091. TURNER v. THE STATE.
(372 SE2d 826)

BANKE, Presiding Judge.

Turner appeals the denial of a motion for discharge and acquittal which he brought pursuant to OCGA § 17-7-170, based on the state's failure to try him within two terms after he had filed a demand for trial. See *Hubbard v. State*, 254 Ga. 694 (333 SE2d 827) (1985).

On May 12, 1987, the appellant was arrested and issued uniform traffic citations charging him with driving under the influence of alcohol and speeding. The citations directed him to appear in the Recorder's Court of Riverdale, Georgia, on June 23, 1987, to answer the charges. The appellant filed his demand for trial in the recorder's court on that date. Also, on that same date, without any request for such action having been made by the appellant, the case was transferred from the recorder's court to the State Court of Clayton County for prosecution. However, due to a clerical error, the demand for trial was not included in the materials forwarded to the state court clerk's office but was sent to the state court solicitor's office, where it remained unnoticed for several months.

On August 3, 1987, the solicitor filed an accusation charging the appellant with driving under the influence of alcohol; and on November 2, 1987, the appellant filed his "Motion for Discharge and for Judgment of Acquittal" pursuant to OCGA § 17-7-170. In its order denying the motion, the trial court found as a matter of fact that there was no prosecuting attorney in the Recorder's Court of Riverdale, Georgia; that the terms of court for the State Court of Clayton County begin on the first Mondays in February, May, August, and November; and that there were jurors impaneled and available for trial throughout the period relevant to the appellant's motion. The state does not dispute that the language of the demand for trial was sufficient to invoke the sanctions of OCGA § 17-7-170.

Although the appellant filed his demand for trial in June of 1987, the trial court applied the current version of OCGA § 17-7-170, which became effective on July 1, 1987. The 1987 amendment imposed a new requirement that the demand be "served on the prosecutor." Also, the amendment specified that the demand "shall be binding only in the court in which the demand is filed, except where the case is transferred from one court to another without a request from the defendant." OCGA § 17-7-170 (a); Ga. L. 1987, p. 841, § 1. In applying the 1987 amendment retroactively, the trial court reasoned that it "did not affect any substantive right of the defendant, but rather was concerned merely with the procedure whereby the substantive right might be obtained." *Held*:

Pretermitting which version of the Code section was applicable, (see *Jeffries v. State*, 140 Ga. App. 477, 479 (231 SE2d 369) (1976);

*State v. Bostwick*, 181 Ga. App. 508, 509 (352 SE2d 824) (1987)), we hold that the appellant's motion for discharge and acquittal should have been granted, it being undisputed both that the recorder's court has no prosecuting attorney and that the case was transferred from the recorder's court to the state court without any request on the part of the appellant.

"'(W)hen a demand for speedy trial has been filed, and the case is transferred from one court to another, the demand is also transferred.' *Majia v. State*, 174 Ga. App. [432, 433 (330 SE2d 171) (1985)]. . . . Thus, it is incumbent upon the clerk's office of the transferring court to forward a properly filed demand to that court which has newly acquired jurisdiction over the case. The defendant has no further obligation to insure that the clerk of the court performs his duty. [Cit.]" *State v. Bostwick*, supra at 509. We accordingly conclude that the trial court erred in denying appellant's motion for discharge and acquittal pursuant to OCGA § 17-7-170.

*Judgment reversed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 6, 1988.

*Thomas L. Washburn III*, for appellant.

*John C. Carbo III, Solicitor, Anne Landrum, Assistant Solicitor*, for appellee.