## 76515. HEAD v. THE STATE.
(375 SE2d 46)

BANKE, Presiding Judge.

On May 3, 1987, the appellant was arrested and issued traffic citations charging him with driving under the influence of alcohol and improper lane changing. He contends that on June 24, 1987, he filed a demand for trial pursuant to OCGA § 17-7-170 and that he was thereby entitled either to be tried or acquitted within the next succeeding term of court. On August 28, 1987, accusations were returned charging the appellant with the offenses charged in the traffic citations. On September 30, 1987, the appellant moved to dismiss these accusations pursuant to OCGA § 17-7-170, on the ground that he had not been tried within the next succeeding term of court after making his demand for trial. However, the trial court found that the demand had not been properly filed and consequently denied the appellant's motion. The appellant was subsequently convicted of the charges set forth in the two accusations, and this appeal followed. *Held*:

OCGA § 17-7-170 provides that, with certain qualifications, where a defendant makes a demand for trial, the state must try him during the term of court when the demand is made or at the next succeeding regular term. The appellant correctly contends that he was entitled to file a demand for trial pursuant to this Code section based solely on the issuance of the traffic citations. See *State v. Spence*, 179 Ga. App. 750 (347 SE2d 612) (1986). However, the demand upon which the appellant relies bears no filing stamp; and the trial court made a specific determination, on the basis of the evidence presented at the dismissal hearing, that it had never actually been filed. The dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been strict compliance with the statute. See *Matthews v. State*, 181 Ga. App. 819, 820 (354 SE2d 175) (1987). Since the appellant in this case could not show that his demand was ever filed with the court, the trial judge did not err in refusing to discharge and acquit him of the offenses charged.

*Judgment affirmed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Sognier, Pope, and Benham, JJ., concur. Carley and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

While it is not explicitly shown on the demand that it was filed in the Roswell recorder's court, it is implicitly shown, by the fact that the case was transferred to the State Court of Fulton County. Had the demand not been filed, the case would have remained in the recorder's court. OCGA §§ 36-32-3; 15-10-41 (a); and 40-6-391 (d) (1). There is no evidence that the fact is otherwise.

This implicit evidence, derived from the face of the record, is corroborated by the affidavit of the attorney, who swears he handed the document to the clerk of the recorder's court in open court and a copy to the solicitor for that court, on the day the arresting officer set for defendant to answer to the charges. There is no evidence to contravene this statement. It is corroborated also by the certificate of service of hand delivery to the opposing party, which is dated June 24. Although the copy of the demand which is in the original record does not bear a filing date, affixing one would be the responsibility of the recorder's court clerk and not the defendant, who would be prohibited from affixing a court filing date. In addition to serving the solicitor (see OCGA § 17-1-1; *Vondolteren v. State*, 184 Ga. App. 344 (361 SE2d 833) (1987); and current OCGA § 17-7-170), all the defendant has to do is "enter" a demand. OCGA § 17-7-170 (a). Subsection (b) refers to this as "when the demand is made." In *Majia v. State*, 174 Ga. App. 432 (330 SE2d 171) (1985), and in *State v. Bostwick*, 181 Ga. App. 508 (352 SE2d 824) (1987), the court repeatedly refers to effective demands simply as "filed."

The case was transferred, as required by operation of law, because defendant also demanded a jury and the jury-choice portion of the demand could not be accommodated in the recorder's court. Along with the case when it was transferred for this purpose went also the demand for a speedy trial. *State v. Spence*, 179 Ga. App. 750 (347 SE2d 612) (1986); *Majia v. State*, supra. No additional service was required to be made on the solicitor of the *state* court, even if the 1987 amendment, effective July 1, 1987 (Ga. L. 1987, p. 841), applied and requires such, because defendant did not request the transfer. See *Turner v. State*, 188 Ga. App. 267 (372 SE2d 826) (1988). Moreover, the solicitor recognized the speedy trial demand, as is evidenced by the administrative documents used to log in a case and prepare the accusation and assign a calendar date.

The case sat until after two terms had passed from the filing on June 24. When it was called for arraignment, defendant filed what he titled a Motion to Dismiss which sought relief expressly pursuant to OCGA § 17-7-170 and the Sixth and Fourteenth Amendments of the United States Constitution, "for failure to grant a speedy trial as demanded by Defendant." The statute invoked provides for acquittal, not merely dismissal of the accusations, and the court would be bound to grant such upon establishment of the State's failure.

Defendant's demand met the requirements for specificity and clarity required by law even though he should have termed it something like "Demand for Speedy Trial and Demand for Jury." The nomenclature of the document title does not bind the trial court. *State v. Johnston*, 249 Ga. 413, 415 (3) (291 SE2d 543) (1982). See *Holloway v. Frey*, 130 Ga. App. 224, 227 (3) (202 SE2d 845) (1973).

The *substance* of the demand, shown without ambiguity or equivocation in the body of the demand, controls, as defendant made his demand "pursuant to his rights under the 6th Amendment of the United States Constitution and OCGA § 17-7-170 there being jurors impanelled and qualified to try said case at this time." What reader, be it solicitor or judge or clerk, could not understand this to be a demand for a speedy trial? Moreover, the record shows without dispute that the solicitor regarded the demand as such. It meets the qualification set out in *State v. Prestia*, 183 Ga. App. 24 (357 SE2d 829) (1987). It is not outside the bounds expressed in the physical precedent case of *Kramer v. State*, 185 Ga. App. 254 (363 SE2d 800) (1987).

The recorder's failure to record should not nullify the defendant's demand any more than did the clerk's failure to forward the demand document in *State v. Bostwick*, supra.

I respectfully dissent.

DECIDED SEPTEMBER 7, 1988 —
REHEARING DENIED OCTOBER 14, 1988 — 

*Jones, King & King, Sharon L. Hopkins, David H. Jones, Timothy T. Herring*, for appellant.

*James L. Webb, Solicitor, Norman Miller, Assistant Solicitor*, for appellee.