## A89A0981. KLINETOB v. THE STATE.
(389 SE2d 551)

SOGNIER, Judge.

Hugh B. Klinetob appeals from the trial court's denial of his motion for discharge and acquittal filed pursuant to OCGA § 17-7-170 (b).

Appellant was arrested on August 30, 1987 and issued two Uniform Traffic Citation, Summons, Accusation/Warnings (UTCs) charging him with the offenses of DUI and improper U-turn and directing him to appear in the Recorder's Court of Gwinnett County on September 23, 1987. On that date appellant appeared and requested that his case be bound over to state court for a jury trial. Several days later the UTCs and other documents related to his case were forwarded to the state court clerk's office, where they remained until an employee of the Gwinnett County Solicitor picked them up on November 5, 1987. Appellant filed a demand for trial pursuant to OCGA § 17-7-170 (a) in state court on December 15th and served a copy on the solicitor. Thereafter, on August 22, 1988 the solicitor filed accusations in state court charging appellant with DUI and improper U-turn. The state court judge denied appellant's subsequent motion for discharge and acquittal on the ground that his demand for trial had been premature because it was filed before the solicitor filed the accusations against him.

OCGA § 17-7-170 (a) provides that "[a]ny person against whom . . . an accusation is filed with the clerk . . . may enter a demand for trial." Although under the instant circumstances the UTC itself contained the necessary accusation, *Majia v. State*, 174 Ga. App. 432 (330 SE2d 171) (1985), here the trial court has found that no accusation was *filed* until August 22, 1988, as the UTC forwarded from recorder's court was only *held* by the state court clerk until retrieved by the solicitor five weeks later. However, the trial court failed to consider whether there devolved on the court a duty to file the accusation when it was received from recorder's court. Uniform State Court Rule 36.13 provides that "[a]ll . . . accusations presented to the clerk *shall* be filed." (Emphasis supplied.) The dissent cites Uniform State Court Rule 26.2 (8), which provides that when a case is bound over for trial after a preliminary probable cause hearing, "all . . . papers pertaining to the case shall be forwarded to the clerk of the appropriate court having jurisdiction over the offense for delivery to the district attorney," as authorizing the procedure followed by the clerk and prosecu-

tor. Pretermitting the question of whether Rule 26.2 applies when a case is bound over from recorder's court for jury trial pursuant to OCGA § 40-13-23 (a), the dissent's conclusion ignores the question of whether "holding" a file until the prosecutor retrieves it, regardless of the length of time that elapses, discharges the clerk's duty to "deliver" the case to the prosecuting attorney, and also disregards Rule 36.13. However, we need not decide the question of which court official failed to carry out the obligation to file the accusation because the duty to bring the defendant to trial following arrest and accusation "rests upon the court, the prosecutor, and the clerk of court," not the defendant. *Perry v. Mitchell*, 253 Ga. 593, 596 (322 SE2d 273) (1984). Thus, whether the duty to file the accusation rested with the prosecutor or with the clerk, neither was entitled to withhold filing of the accusation except for a reasonable time as compelled by the volume of the court's business. This court has recognized that clerical errors may not affect a defendant's statutory right to a speedy trial. *O'Neal v. State*, 188 Ga. App. 270, 271 (372 SE2d 833) (1988). We find the eleven month delay in the filing of the accusation was unreasonable, and as the failure to file the accusation in a timely manner after it was transferred to the state court was attributable to a clerical error by a court official, not to any failure of appellant to follow the requirements set forth in OCGA § 17-7-170, appellant's motion for discharge and acquittal should have been granted. See *Turner v. State*, 188 Ga. App. 267 (372 SE2d 826) (1988); *State v. Bostick*, 181 Ga. App. 508 (352 SE2d 824) (1987). *State v. Lipsky*, 191 Ga. App. 842 (383 SE2d 204) (1989), cited by Judge Deen, does not require a different result, as there we merely held that after a DUI case is bound over to another court, the accusation must be filed before the statutory trial demand. Unlike the case at bar, in *Lipsky* there was no question of either an unreasonable delay in filing or a clerical error.

To hold otherwise would allow the court clerk or the solicitor to frustrate an accused's rights under OCGA § 17-7-170 by delaying the filing of the accusation previously issued by a law enforcement officer. *State v. Spence*, 179 Ga. App. 750, 752 (347 SE2d 612) (1986). As the statute was enacted to implement the constitutional right to a speedy trial, *Hubbard v. State*, 254 Ga. 694, 695 (333 SE2d 827) (1985), it should not be construed to preclude a defendant's motion for discharge and acquittal where, as here, any lack of compliance with the statutory prerequisites was due to the error of either the clerk or the prosecutor. "Since the purpose of [OCGA § 17-7-170] is to secure to defendants in criminal cases their rights guaranteed by Article 1, Section 1, Paragraph [11] of our Constitution to a speedy and public trial, the courts should seek to uphold rather than whittle away by judicial construction this and other provisions of our Bill of Rights, which secure to us the guarantees of freedom upon which this country

is founded." *Rider v. State*, 103 Ga. App. 184, 185 (118 SE2d 749) (1961).

*Judgment reversed. Carley, C. J., Banke, P. J., Birdsong, Benham and Beasley, JJ., concur. Deen, P. J., McMurray, P. J., and Pope, J., dissent.*

DEEN, Presiding Judge, dissenting.

It would appear that this case is controlled by *State v. Lipsky*, 191 Ga. App. 842 (383 SE2d 204) (1989), and the follow-up case of *State v. Lipsky*, 193 Ga. App. 696 (___ SE2d ___) (1989).

In the former cited case defendant's demand for trial was filed on February 22, 1988. This court reversed the trial court's discharge and acquittal as there was no evidence that an accusation had been filed on the date of demand. In the latter cited case we affirmed the trial court's grant of the motion to dismiss upon renewal of the motion for discharge and acquittal, as the trial court determined at the hearing that the uniform traffic citation was included when the case was received and filed on February 8, 1988. The accusation did exist at the time of the demand. The same does not appear to obtain in the instant case under consideration.

POPE, Judge, dissenting.

I dissent. At issue in this case is whether defendant was entitled to file his demand for speedy trial on the basis of the Georgia Uniform Traffic Citation, Summons, Accusation/Warning *which was never filed* with the clerk of the court where the demand was made. OCGA § 17-7-170, as amended, provides in pertinent part that "[a]ny person against whom a true bill of indictment or an accusation is *filed* with the clerk for an offense not affecting his life may enter a demand for trial. . . ." (Emphasis supplied.) Although it is well settled in this State that in cases involving traffic related offenses the citation itself contains the necessary accusation, OCGA § 17-7-170, as amended, clearly provides that such accusation or indictment must be "filed" with the clerk. In my opinion, when a uniform traffic citation is transferred from a traffic court to a state court, the accusation is not filed as mandated by OCGA § 17-7-170 until the solicitor has presented the traffic citation or accusation to the clerk and the case is then docketed as a misdemeanor criminal case in the state court. *See Keller v. State*, 183 Ga. App. 717, 719 (359 SE2d 714) (1987). Here the traffic citation, which was filed with the Clerk of the Recorder's Court, was never filed with the Clerk of the State Court's office, and hence the case was not docketed or filed in that court until the accusation was returned on August 22, 1988. Consequently, I agree with the trial court that defendant's demand for trial pursuant to OCGA § 17-7-170 was premature, and that defendant's motion for discharge

and acquittal should be denied.

The majority holds that it was the State's duty to file the accusation and hence the denial of defendant's motion for discharge and acquittal would punish defendant for a clerical error by a court official. Although Rule 36.13, cited by the majority, does provide that "[a]ll . . . accusations *presented* to the clerk shall be filed . . ." (emphasis supplied) the question then becomes whether the mere receipt of the documents from the Recorder's Court constitutes a "presentment" of the accusation to the clerk for filing. In this regard, Uniform State Court Rule 26.2 (8) provides that "[o]n each case which is bound over, . . . [t]he warrant, bail bond, and all other papers pertaining to the case shall be *forwarded* to the clerk of the appropriate court having jurisdiction over the offense *for delivery to the prosecuting attorney*." (Emphasis supplied.) Hence, it appears that the clerk here did in fact follow the proper procedure in "holding" the case for delivery to the prosecuting attorney, who was then charged with "presenting" the accusation, whether embodied in the traffic citation or drawn separately, to the clerk for filing. Thus, unlike the cases relied on by the majority this is not a situation in which a clerical error resulted in the denial of defendant's right to pursue his demand for speedy trial. Consequently, I would affirm the judgment of the trial court.

I am authorized to state that Presiding Judge Deen and Presiding Judge McMurray join in this dissent.

DECIDED DECEMBER 5, 1989 —
REHEARING DENIED DECEMBER 20, 1989 —

*Winship E. Rees*, for appellant.

*Gerald N. Blaney, Solicitor, David Fuller, Assistant Solicitor*, for appellee.