A92A0134. JOHNSON v. THE STATE.
(418 SE2d 155)

McMURRAY, Presiding Judge.

Defendant was charged in a three count indictment with possession of a firearm by a convicted felon (Count 1), carrying a concealed weapon (Count 2) and obstruction of a law enforcement officer (Count 3). The case was called for trial and the State announced that it would file a motion to "nolle pros [Counts 2 and 3 of the indictment], without the right to re-indict on those two counts." The trial court indicated that it would accept any such motion and defendant acquiesced. On January 31, 1991 (December 1990 Term), a jury trial then proceeded on Count 1 of the indictment and defendant was found guilty of possession of a firearm by a convicted felon. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. In his first enumeration, defendant contends the trial court erred in allowing evidence that he had been convicted of armed robbery. This contention is without merit.

Defendant's prior felony conviction for armed robbery is the basis for the charge of possession of a firearm by a convicted felon. See OCGA § 16-11-131. Consequently, defendant's prior felony conviction for armed robbery was admissible. *Smith v. State*, 192 Ga. App. 246 (1) (384 SE2d 451).

2. Next, defendant contends the trial court erred in allowing the State to "nolle pros" Counts 2 and 3 of the indictment. This contention is without merit. Any dismissal of Counts 2 and 3 of the indictment "without the right to re-indict . . ." can in no way be characterized as harmful to defendant.

3. Defendant contends in his last enumeration that the trial court erred in denying his motion for discharge and acquittal based upon the State's failure to comply with his OCGA § 17-7-170 demand for speedy trial.

Defendant was indicted on February 7, 1990, during the December 1989 Term of the Eastern Judicial Circuit, Chatham County, Georgia. On May 22, 1990, during the March 1990 Term, defendant filed a pro se demand for speedy trial at the March 1990 Term or the next succeeding term of court (June 1990 Term). OCGA § 15-6-3 (17). On October 24, 1990, as pro se, and on December 5, 1990, by attorney, defendant filed motions seeking absolute discharge and acquittal on the charges of the indictment based on the State's failure to try him during the "two terms [March 1990 Term and June 1990 Term] of this court as outlined under his Demand for Trial" as prescribed by OCGA § 17-7-170 (a). The trial court conducted a hearing and later entered an order denying defendant's motions, finding that the State's attorney had not been served with the demand for trial.

"The dismissal of a criminal case pursuant to OCGA § 17-7-170 is an extreme sanction which can be invoked only if there has been strict compliance with the statute. See *Matthews v. State*, 181 Ga. App. 819, 820 (354 SE2d 175) (1987)." *Head v. State*, 189 Ga. App. 111 (375 SE2d 46). OCGA § 17-7-170 (a) provides that any demand for trial shall be served on the prosecutor.

"Unless clearly erroneous, the findings of fact of the trial court will not be disturbed. *Sundance, Inc. v. Guy*, 174 Ga. App. 792 (1) (331 SE2d 102) (1985)." *Day v. State*, 187 Ga. App. 175 (1) (369 SE2d 796). In the case sub judice, the trial court's finding that the State's attorney was not served with defendant's demand for trial is supported by an absence of certificates of service showing that the State's attorney had been served with defendant's demand for trial and by the State's attorney's statement that neither he nor the District Attorney's office had been served with defendant's demand for trial. Under these circumstances, the trial court did not err in denying defendant's plea of autrefois acquit. See *Vondolteren v. State*, 184 Ga. App. 344, 345 (361 SE2d 833).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED APRIL 10, 1992.

C. Jackson Burch, for appellant.

*Spencer Lawton, Jr., District Attorney, Elise O. Gray, Assistant District Attorney*, for appellee.