## A95A1476. MADDOX v. THE STATE.
(461 SE2d 286)

BIRDSONG, Presiding Judge.

Timothy Maddox appeals his conviction and sentence for robbery. Maddox contends his constitutional right to a speedy trial was violated and that his trial counsel was constitutionally ineffective for failing to file a pretrial motion to suppress certain identification testimony. He further claims the trial court erred in failing to give a requested charge on impeachment. *Held*:

1. Maddox asserts that the trial court erred in denying his motion for acquittal based on a denial of his demand for a speedy trial made pursuant to OCGA § 17-7-170. Maddox's trial attorney filed an entry of appearance on March 31, 1993. Thereafter, counsel filed no fewer

than nine discovery motions on Maddox's behalf. On June 25, 1993, about two months later, Maddox, even though represented by counsel, filed a pro se demand for a speedy trial. On October 28, 1993, Maddox's counsel filed a motion for acquittal based on an alleged violation of OCGA § 17-7-170 (b). Following an evidentiary hearing, the trial court denied the motion for acquittal, determining under *Goodwin v. State*, 202 Ga. App. 655 (415 SE2d 472) that the demand for a speedy trial was "a nullity" because Maddox had filed his pro se demand while represented by counsel.

The trial court was clearly authorized to find that the pro se demand was of no legal effect whatsoever. *Goodwin v. State,* 202 Ga. App. at 655. On virtually identical facts in *Goodwin,* we held, " ' "(T)he Sixth Amendment right does not afford the defendant the hybrid right to simultaneously represent himself and be represented by counsel. (Cit.)" (Cit.) As a result of changes in the Georgia Constitution, a criminal defendant in Georgia " 'no longer has the right to represent himself and also be represented by an attorney, i.e., the right to act as co-counsel.' " ' " *Goodwin,* 202 Ga. App. at 656, citing *Hance v. Kemp,* 258 Ga. 649, 650 (1) (373 SE2d 184). Since Maddox did not file a valid demand for a speedy trial, it necessarily follows that the trial court correctly denied Maddox's motion for discharge and acquittal pursuant to OCGA § 17-7-170. See *Goodwin,* supra at 656.

Maddox seeks to distinguish *Goodwin* and claims that *State v. Moore,* 207 Ga. App. 677 (428 SE2d 815) and *Johnson v. State,* 203 Ga. App. 896 (418 SE2d 155) provide authority to reverse the trial court. However, Maddox's reliance on these cases is misplaced. *Moore,* supra, dealt with compliance with provisions of OCGA § 17-7-171 (b), the demand statute for cases involving capital offenses; therefore, it is not relevant to our analysis here. OCGA § 17-7-171 (b) requires that the defendant be present in court, announce ready for trial, and request a trial on the indictment, provisions which OCGA § 17-7-170 does not contain.

In *Johnson,* supra, we made plain that strict compliance with OCGA § 17-7-170 is mandatory because the demand statute authorizes such an extreme sanction: discharge and acquittal. *Johnson,* 203 Ga. App. at 897. See *Head v. State,* 189 Ga. App. 111 (375 SE2d 46); *Matthews v. State,* 181 Ga. App. 819 (354 SE2d 175).

Further, OCGA § 17-7-170 (a) specifically requires that "the demand for trial shall be served on the prosecutor." In the case at bar, however, there is no evidence in the record that the State's attorney was properly served with Maddox's demand for trial. The record indicates only that Timothy Maddox mailed the trial court a letter in the form of a "demand by accused for speedy trial" and that the demand was stamped on June 25, 1993, as filed in the clerk's office. Absent

from the record is any copy of a certificate of service showing the State's attorney had been served with Maddox's demand for trial.

Thus, even assuming arguendo that Maddox's demand was not a nullity under *Goodwin,* supra, the record fails to document compliance with the explicit statutory requirements of the demand statute, OCGA § 17-7-170. Since Maddox cannot demonstrate strict compliance with the demand statute, his claim must fail.

2. Maddox asserts that his trial counsel was constitutionally ineffective because his counsel did not file a pretrial motion to suppress identification testimony based on what Maddox alleges was a coercive and unduly suggestive field show-up. The ineffectiveness issue was presented in the trial court by a timely amendment to his motion for new trial. Although the trial court did not make explicit findings on this issue, implicit in the trial court's denial of the amended motion for new trial is a finding that Maddox was not denied the effective assistance of counsel.

To prevail on his ineffectiveness claim, Maddox must establish not only that his trial counsel's performance was deficient but also that this deficient performance prejudiced his defense. *Bryant v. State,* 204 Ga. App. 856 (420 SE2d 801). As we noted in *Bryant,* supra at 861, ultimately Maddox "must show there was a reasonable probability the result of his trial would have been different, but for his defense counsel's unprofessional deficiencies (*Baggett v. State,* 257 Ga. 735 (363 SE2d 257)), and he must overcome the strong presumption that the representation was effective. *Clarington v. State,* 178 Ga. App. 663, 667 (344 SE2d 485)." In addition, we must measure the trial counsel's performance under the circumstances existing at trial and not with the benefit of hindsight. *Smith v. Francis,* 253 Ga. 782, 783 (325 SE2d 362); *Bryant,* 204 Ga. App. at 861.

Evaluating Maddox's counsel's performance in the above manner, we find defense counsel's performance was not deficient. In the instant case, the victim testified at trial that she had ample opportunity to view Maddox from the time she first detected his presence until the time he grabbed her. The victim testified she watched Maddox come down the sidewalk, walk up her driveway, come up the path toward her porch, and then come up onto her porch. In addition, although it was close to midnight, the victim was able to discern Maddox's attire, build, and features because he was illuminated by street lights, a security light, and her porch light. Moreover, Maddox spoke with the victim and grabbed her as they struggled, thereby affording the victim the further opportunity to familiarize herself with her attacker's physical appearance and voice. Prior to the field show-up (counsel's failure to move to suppress this evidence is the basis of Maddox's ineffective assistance of counsel claim), the victim had provided police with a detailed description of the robber, including his

height, weight, clothing, complexion, and basic stature. Based on this detailed description police picked up Maddox within approximately eight minutes after the victim provided the description, as Maddox was walking about a quarter of a mile from the victim's home. Police transported Maddox back to the victim's home for identification. At the field show-up, without any hesitation or reservation, the victim affirmatively identified Maddox as the man who had attacked her. At trial, the victim reiterated her certainty that Maddox was indeed the perpetrator who had struggled with her and robbed her.

Under the facts of this case, there was no substantial likelihood of misidentification. *Mattison v. State*, 215 Ga. App. 635 (451 SE2d 807). Also, we noted in *Mattison* that an on-the-scene show-up identification is not impermissibly suggestive when necessary because of the practicalities of the situation. *Mattison,* 215 Ga. App. at 636. See also *Bigsby v. State*, 210 Ga. App. 696, 697 (436 SE2d 817). Here, a police officer having the victim's detailed description of the robber spotted Maddox shortly after the robbery occurred. Believing that Maddox fit the victim's description, the officer drove Maddox to the victim's home. At this point, the victim identified Maddox as the man who had assaulted and robbed her.

In *State v. Frye*, 205 Ga. App. 508, 509 (422 SE2d 915), we used a two-prong test to determine whether a trial court should exclude identification evidence. " 'The threshold inquiry is whether the identification procedure was impermissibly suggestive. Only if it was need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification.' " (Citations omitted.) *Frye,* supra at 509. Even assuming arguendo that Maddox can satisfy prong one, the evidence does not satisfy prong two because the evidence does not indicate "a very substantial likelihood of irreparable misidentification." *Frye,* supra at 509. Included in the prong two factors are: (1) the witness's opportunity to view the accused at the time of the crime; (2) the witness's degree of attention during the crime; (3) the accuracy of the witness's prior description of the accused; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Frye,* supra at 509. Applying these five factors to the case sub judice, we find the evidence does not meet the criteria of prong two. Here, (1) the evidence shows that the victim had sufficient opportunity to view the perpetrator during the commission of the crime; (2) the victim was highly attentive to the perpetrator's appearance during the commission of the crime; (3) the victim provided police with a detailed description of the perpetrator (prior to the field show-up) which accurately matched Maddox's appearance; (4) the victim had a high level of certainty when she positively identified Maddox; and (5) relatively little time had elapsed before she identi-

fied Maddox at the field show-up. *Frye,* supra at 509.

Maddox has not shown and cannot show that the outcome of his trial would have been different had his trial counsel challenged the admissibility of the field identification testimony. Having reviewed the transcript and the applicable portions of the trial record, we find no support for appellant's claim of ineffective assistance of counsel under the standards of *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674). "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous." *Warren v. State,* 197 Ga. App. 23, 24 (397 SE2d 484). Therefore, since the trial court's findings in this case are supported by the record, and they are not clearly erroneous, the court's findings are affirmed. *Middlebrooks v. State,* 208 Ga. App. 23, 24 (430 SE2d 163). For these reasons, we find that this enumeration is without merit.

3. Turning to the question whether the court erred in not giving the requested charge on impeachment, we find no error.

The basis for requesting the impeachment charge was an alleged inconsistency as to whether the victim had ever claimed the robber threatened to kill her. The victim did not testify that the perpetrator told her he was going to kill her. In fact, she testified that her attacker told her, "I am not going to hurt you." However, the first police officer testified that the victim had told him the robber had threatened to kill her. But after the officer had an opportunity to review his notes from January 9, 1993, he confirmed that he had not written down any such threat and he conceded that it would have been normal procedure for him to have noted such a serious threat. The officer admitted he had not reviewed his notes before making that statement, had hundreds of cases to remember, and that a considerable amount of time had passed since the night of January 9, 1993. He also acknowledged he could have been mistaken about what the victim told him. The second police officer confirmed that the victim had not stated that the robber said he was going to kill her. And the victim, when recalled, also reaffirmed that she had never stated to the police that the robber told her he would kill her. During further cross-examination, the victim also speculated as to why she thought the first police officer might have misconstrued or misunderstood what she had said.

On appeal, Maddox contends the impeachment charge was essential to his defense and that the evidence demonstrated that the victim had been successfully impeached by contradictory and prior inconsistent statements. However, the testimony at trial does not support this claim because there is not sufficient evidence that the victim made any prior inconsistent or contradictory statement. Although the first officer's testimony did not coincide with the victim's testimony, the

trial court concluded that any lack of consistency did not constitute impeachment of the victim. Having determined that the requested charge on impeachment was not supported by the evidence, the court instead gave a charge on conflicting testimony. Accordingly, we find no error.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED AUGUST 4, 1995.

*William P. Doupé*, for appellant.
*Lewis R. Slaton, District Attorney, Leonora Grant, Anita T. Wallace, Assistant District Attorneys*, for appellee.