## 76701. RAMSEY v. THE STATE.
(375 SE2d 63)

BIRDSONG, Chief Judge.

Appellant, Russell Lee Ramsey a/k/a Clayton Maxwell Ramsey, brings this appeal from his conviction in the Fulton County State Court for driving under the influence. Ramsey was arrested on May 5,

1986 for DUI and driving without a license, and identified himself to the officer as "Russell Ramsey." He was issued two Uniform Traffic Citations (UTC) in the name he gave the officer and the UTCs directed him to appear in Fulton County State Court on June 4, 1986. On one UTC the date has been changed to July 9, 1986, with the notation of a $2,000 bond. Overprinted on the other UTC is: "H. V. served 6-13-84." It was later determined that Ramsey had been served with a habitual violator notice on June 13, 1984. By agreement between counsel, the solicitor read into the record the pre-trial chronology of Ramsey's two UTCs. He was arrested May 5, 1986. The Fulton County District Attorney's office received the file on August 5, 1986. An indictment was returned on October 3, 1986, charging Clayton Maxwell Ramsey, alias Russell Lee Ramsey, with the offenses of DUI and driving after being notified that he was an habitual violator. On November 14, 1986, "Clayton Maxwell Ramsey" filed a demand for trial under OCGA § 17-7-170. On November 20, 1986, the habitual violator charge was dismissed and the file returned to the Fulton State Court. The State Court Solicitor's office received the file December 10, 1986, and filed an accusation against Russell Ramsey alleging two counts of DUI and one count of driving without a license. A motion to discharge and acquit under OCGA § 17-7-170 was filed March 30, 1987 by "Russell Lee Ramsey a/k/a Clayton Maxwell Ramsey." The motion was denied on May 1, 1987. Appellant was convicted of one count of DUI and the remaining two counts were dead docketed. This appeal followed. *Held*:

Appellant does not contest jurisdiction; and does not contend he is not the individual arrested, tried and convicted, and is not the same individual on appeal. Neither does he argue that the evidence is insufficient to sustain his conviction. The sole enumeration of error alleges the trial court erred in denying his motion for discharge and acquittal.

Ramsey's basis for discharge is OCGA § 17-7-170, which requires trial at the term in which demand is made or the next succeeding term, provided juries were impaneled and qualified to try him, or he shall be discharged and acquitted. However, this section also requires the demand for trial be entered at the court term at which the indictment or accusation is "found" or the next succeeding term thereafter. The trial court held the motion "was not filed in a timely fashion" and denied appellant's request for discharge and acquittal.

A uniform traffic citation (UTC) is, by statute (OCGA § 40-13-1), an accusation. All courts having jurisdiction of the offense shall proceed with adjudication of the offenses enumerated in the UTC "without the necessity of filing an indictment or other accusation in order to bring the accused to trial." OCGA § 40-13-3. However, the UTC is an ill-suited vehicle for processing traffic offenders when a demand

for trial is made under OCGA § 17-7-170. A traffic offender receiving a UTC returnable to traffic court is charged with a "traffic violation and shall not be considered as a misdemeanor." OCGA § 40-13-60. Yet, if the accused fails to appear and has not posted a cash bond, the traffic bureau loses jurisdiction, the state court gains jurisdiction, "and *the prosecuting attorney of the court shall have an accusation issued against such person,*" and the case is docketed "as all other misdemeanors." OCGA § 40-13-62. (Emphasis supplied.) In the instant case when the subterfuge as to the identity of the offender was discovered, the case was transferred to the district attorney's office, the state court lost jurisdiction, and following the felony indictment as a habitual offender, the superior court gained jurisdiction. Thus, it is possible for a UTC offense to go through a metamorphosis of "traffic offense" in traffic court, a "misdemeanor" in state court, and a "felony" in superior court.

When this transmutation is considered in the context of a demand for speedy trial under OCGA § 17-7-170, the shortcomings of the UTC become apparent. Such demand for trial must be made "at the court term at which the indictment or accusation is found or at the next succeeding regular court term thereafter; or, by special permission of the court . . . at any subsequent court term. . .," and if the accused "is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted. . . ." OCGA § 17-7-170 (a) (b). Implicit in the wording of this statute is that this demand is applicable only in courts which have terms and impanel juries; otherwise if the motion was filed in a court which has no terms (i.e., traffic court, mayor's court, police court, recorder's court, etc.) it would be impossible to determine if it was timely filed (i.e. at the "court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter"), or whether the statutory period in which the trial must be held has run (i.e. the term in which "the demand is made or at the next succeeding regular court term thereafter"). Likewise, the court in which the demand is made must also impanel juries, because the two term rule is applicable only in a term in which "there were juries impaneled and qualified to try him. . . ."

The issue is further complicated by the requirement of the statutory demand for speedy trial that can be made only in the term, or next regularly succeeding terms, in which the accusation is "found." This court has held that "an accusation embodied in an existing uniform traffic citation is 'found' within the meaning of OCGA § 17-7-170 (a) at the moment any court which is lawfully entitled to do so asserts its jurisdiction over the case." *State v. Spence,* 179 Ga. App.

750, 752 (347 SE2d 612). This court has also held that where a UTC is transferred from a traffic court to a state court, "the accusation was not filed or 'found' as contemplated by OCGA § 17-7-170 until the traffic violation was docketed as a misdemeanor criminal case in the state court. . . ." *Keller v. State*, 183 Ga. App. 717, 719 (359 SE2d 714). The UTC forms have no place for entry of filing dates in the court in which filed and in the present case the record is devoid of evidence when the UTC was first filed in the state court.

We find that we need not attempt to decide when the present UTC was "found" because when the case was transferred to the office of the district attorney for presentation to a grand jury a felony indictment was returned. For all practical and legal purposes, the indictment superseded the UTC accusation, and the original UTC expired. No demand for trial had been made. Following the return of the indictment in superior court, appellant made a demand for trial in November 1986, on "said indictment." Following dismissal of the habitual violator charge and the indictment, the file was returned to the state court and a formal accusation was filed on December 10, 1986. No demand for speedy trial has ever been made as to that accusation.

Although this court has held that " 'when a demand for speedy trial has been filed, and the case is transferred from one court to another, the demand is also transferred' " (*State v. Bostwick*, 181 Ga. App. 508, 509 (352 SE2d 824)), those cases dealt with the transfer of a UTC from a lower court to a higher court, and a demand for trial in which the accusation was embodied in the UTC. In the instant case, the UTC accusation expired when the case was transferred to the superior court for indictment and trial and the demand for speedy trial was made only as to the "indictment" and not on the accusation. We will not infer a demand for speedy trial as to an accusation under OCGA § 17-7-170 unless one is specifically made. See *State v. Adamczyk*, 162 Ga. App. 288 (290 SE2d 149). And here, the demand for speedy trial on the indictment did not transfer to the lower court as a demand for trial on the subsequent accusation.

Moreover, the record demonstrates the transferral of the UTC by the state court to the district attorney's office for indictment was taken because Ramsey had falsely used his brother's name when arrested and when a check of that name revealed that he had his license revoked for being a habitual offender this required the charge being changed from a misdemeanor to a felony and transfer to the district attorney's office for prosecution. After the subterfuge was discovered the indictment was dismissed and returned to the state court for trial. The time lost in transmission between the courts and procuring an indictment was due solely to the deceit and attempted fraud on the court committed by appellant. See *Myron v. State*, 248 Ga. 120 (2)

(281 SE2d 600).

Self-induced error is impermissible. *Sullens v. State*, 239 Ga. 766, 767 (238 SE2d 864). Additionally, one cannot complain of a result that his own conduct caused. *Dodd v. Dodd*, 244 Ga. 746, 747 (164 SE2d 726); see also *McDaniel v. State*, 248 Ga. 494, 495 (283 SE2d 862). Last, but by no means the least reason, the law will not permit an individual to profit from his own wrong. *Fuller v. Fuller*, 211 Ga. 201, 202 (84 SE2d 665).

*Judgment affirmed. Banke, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED SEPTEMBER 27, 1988 —
REHEARING DENIED NOVEMBER 2, 1988.

*Daniel F. Byrne*, for appellant.

*James L. Webb, Solicitor, E. Duane Cooper, Assistant Solicitor*, for appellee.