## 76818. ADAMS v. THE STATE.
### (375 SE2d 642)

BIRDSONG, Chief Judge.

Appellant, Richard Adams, was arrested on July 11, 1987, and charged with the offenses of driving under the influence and failure to obey a traffic control device. He was issued two uniform traffic citations (UTCs) which directed him to appear in the Duluth Recorder's Court on August 11, 1987. The UTCs were filed in the Duluth "City Court" and appellant appeared and filed a bond and a demand for trial under OCGA § 17-7-170 in the city court on August 11, 1987. The appellant was "bound over to answer the charges" and his case was transferred to the Gwinnett State Court. An accusation was filed by the solicitor's office of the state court on September 9, 1987, alleging two counts of DUI and one count of a "red light violation." On November 12, 1987, appellant filed a motion to dismiss in the Gwinnett State Court in which he alleged he had filed "a Demand for Speedy Trial . . . in this Court." Following a hearing, the state court granted appellant's motion. On motion for reconsideration, the trial court reversed itself, stating that it had made a mistake of fact, i.e., it assumed appellant's attorney had "physically deposited a copy" of the motion with the clerk of the state court, but in fact the attorney had only mailed a copy to the solicitor's office *before* the case was transferred from the Duluth City Court to the Gwinnett State Court. The trial court reversed his decision and denied the motion. Appellant filed this direct appeal. *Held*:

1. Although this case is pending trial in the court below and a direct appeal has been taken from an interlocutory ruling, this court (*Smith v. State*, 169 Ga. App. 251 (1) (312 SE2d 375)) and the Supreme Court (*Hubbard v. State*, 254 Ga. 694 (333 SE2d 827)) have held a criminal defendant is not required to follow the interlocutory procedure when appealing, prior to trial on the merits, a denial of his

plea in bar based on OCGA § 17-7-170.

2. A demand for trial under OCGA § 17-7-170 must be filed with the clerk at the term in which the indictment or accusation is filed or at the next succeeding regular court term, or thereafter by special permission of the court. If the accused is not tried during the term in which the demand is made, or at the next succeeding term, "provided at both court terms there were injuries impaneled and qualified to try him, he shall be absolutely discharged and acquitted. . . ." OCGA § 17-7-170 (a) (b). Implicit in the wording of this statute is that such a motion is applicable only in courts which have terms and impanel juries; otherwise if the motion was filed in a court which has no terms (i.e. traffic court, mayors' court, police court, recorder's court, etc.), it would be impossible to determine if it was timely filed (i.e. "at the court term at which the indictment or accusation is filed or at the next succeeding regular court term thereafter"), or whether the statutory period in which the trial must be held has run (i.e. "the person is not tried [in the term] when the demand is made or at the next succeeding regular court term thereafter . . ."). Likewise, the court in which the demand is filed must also impanel juries, because the trial must occur in a term where "there were juries impaneled and qualified to try him. . . ."

In the instant appeal, although the traffic citation was returnable to the recorders court (see Ga. L. 1958, pp. 3148, 3153, that court was succeeded by the Duluth City Court (see Ga. L. 1976, pp. 4556, 4557), which in turn is now replaced by the Duluth Municipal Court (OCGA § 36-32-1, and Art. VI, Sec. X, Par. I, Ga. Const. of 1983). Accordingly, when the demand for trial under OCGA § 17-7-170 was filed in the Duluth City Court, which does not impanel juries or hold jury trials (see OCGA § 40-13-23), transfer from that court to the Gwinnett State Court was required.

3. Code § 17-7-170 was amended by the 1987 General Assembly and was effective July 1, 1987. The offenses in the case at bar occurred July 11, 1987, and the demand for trial was made on August 11, 1987. Thus, the statute, as amended, applies and it provides that "the demand for trial shall be served on the prosecutor and shall be binding only in the court in which the demand is filed, except where the case is transferred from one court to another without a request from the defendant." OCGA § 17-7-170 (a). The demand was filed in the Duluth City Court and was never filed with the clerk of the Gwinnett State Court, although a copy of the demand was sent to the State Court prosecutor. But, that copy showed the case was filed in the Duluth City Court. Thus, the demand was ineffective as to the State Court because it was "binding only in the court in which the demand is filed." OCGA § 17-7-170 (a).

This leaves in issue whether the transfer was made "without a

request from the defendant." OCGA § 17-7-170 (a). Only one conclusion is permissible. The transfer was made *only* because of the demand from the defendant under OCGA § 17-7-170, which section is applicable only to courts in which juries are impaneled. The Duluth City Court did not impanel juries and was required by the request to transfer defendant's demand to a court which did impanel juries. The transfer was by request of the defendant. Accordingly, the trial court did not err in denying appellant's motion for discharge and acquittal.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur specially.*

BANKE, Presiding Judge, concurring specially.

Prior to the 1987 amendment to OCGA § 17-7-170 (a), this court held, in *Majia v. State*, 174 Ga. App. 432 (330 SE2d 171) (1985), and *Collins v. State*, 154 Ga. App. 651 (269 SE2d 509) (1980), "that a defendant's right to file a demand for trial with respect to a charge for which he had been arrested and issued a uniform traffic citation commenced upon the return of the citation to recorder's court, even though the recorder's court did nothing more than transfer the case to state court for trial. These two cases would appear to stand for the general proposition that an accusation embodied in an existing uniform traffic citation is 'found' within the meaning of [the former version of] OCGA § 17-7-170 (a) at the moment any court which is lawfully entitled to do so asserts its jurisdiction over the case." *State v. Spence*, 179 Ga. App. 750, 752 (347 SE2d 612) (1986). But see *Keller v. State*, 183 Ga. App. 717, 719 (359 SE2d 714) (1987), holding that "it is not until the traffic violations bureau loses jurisdiction to the state court under OCGA § 40-13-62 that a uniform traffic citation becomes an accusation and is 'found' for purposes of [the former version of] OCGA § 17-7-170."

The 1987 amendment to OCGA § 17-7-170 (a) eliminated the word "found" from the statute and substituted in its place the words "filed with the clerk" was "filed." In addition, the amendment substituted for the requirement that "the demand for trial shall be placed on the minutes of the court" the proviso that "the demand for trial shall be served on the prosecutor and shall be binding only in the court in which the demand is filed, except where the case is transferred from one court to another without a request from the defendant."

In light of these amendments, I believe it is now clear (if it was not clear before) that the Legislature contemplated that a demand for trial would be effective to invoke the statutory sanction of mandatory acquittal only if filed in a court of record having both regular terms and the authority to impanel juries. Consequently, I would hold that the demand filed in the recorder's court in the present case was inef-

fective to invoke the statutory sanction of acquittal. The majority reaches the same result but does so by interpreting the 1987 amendment in such manner as to place the defendant in a "Catch-22" situation, holding, in effect, that a defendant is entitled to file a demand for trial in recorder's court but that by doing so he is requesting that the case be transferred to a court having regular terms and the authority to impanel juries, with the result that upon such transfer the demand becomes invalid.

I am authorized to say that Judge Beasley joins in this special concurrence.

DECIDED NOVEMBER 8, 1988 —
REHEARING DENIED NOVEMBER 21, 1988.

Collar & Roberts, Mickey G. Roberts, for appellant.
Gerald N. Blaney, Jr., Solicitor, David M. Fuller, Assistant Solicitor, for appellee.