A89A0055. MARKS v. THE STATE.
(384 SE2d 186)

BIRDSONG, Judge.

In August 1986, Randolph Marks was arrested for several traffic violations in the City of College Park. He was issued Uniform Traffic Violation Summons/Accusations and summoned to appear in the City Court of College Park on September 22, 1986. Upon appearance in that court on September 22, the cases were bound over to the State Court of Fulton County. On October 2, 1986, the State filed an accusation in Fulton State Court.

The State Court of Fulton County operates upon two-month terms; thus the cases were filed in the state court during the September Term of the state court. Marks filed his demand for jury trial pursuant to the provisions of OCGA § 17-7-170 (a) on December 19, 1986, or during the November Term of the state court. It has been stipulated by the parties that there were juries impaneled and qualified to try Marks during the November, January and succeeding terms until he finally came on for trial in November 1987. When called for trial, Marks moved for discharge and acquittal under the provisions of OCGA § 17-7-170 (b).

The trial court held that Marks did not timely file his demand for jury trial, concluding that the demand had to be filed in the term dating to the issuance of the Uniform Traffic Citations which was Au

gust. Marks brings this appeal. *Held*:

OCGA § 17-7-170 (a) provides the defendant "may enter a demand for trial at the [next] court term at which the indictment or accusation is found or at the next succeeding regular court term thereafter. . . ." This provision does not expressly or impliedly require a defendant who is issued a Uniform Traffic Summons (UTC/Accusation) in a court that cannot impanel juries, to then and there make a demand for trial, or else be foreclosed from making one when he is bound over to a court that can give him a trial and another accusation is filed against him.

We have held that a UTC/Accusation filed in a traffic court is an "accusation" to which a demand for trial *may* be made within the meaning of § 17-7-170 (a) (*State v. Spence*, 179 Ga. App. 750 (347 SE2d 612)), but this is not to say he *must* do so. In fact, doing so would gain him nothing in terms of invoking any acquittal rights under the statute. A demand for trial made in a court where there are no regular terms and which cannot impanel jurors, will not per se invoke the right to acquittal and discharge within the language of the statute. See *Ramsey v. State*, 189 Ga. App. 91, 92 (375 SE2d 63). Rather a demand in such a lower court will of necessity *require* a transfer to a court which can impanel juries and has regular terms, and we have held this to be a "request" by the defendant to transfer, in which case the plain terms of OCGA § 17-7-170 (a) provide that his demand is not binding on the next court. See *Adams v. State*, 189 Ga. App. 345, 347 (375 SE2d 642). It seems clear, then, that logically a defendant whose demand for trial requires a transfer to another court must make a new demand in that second court.

This "Catch-22" has prompted some members of this court to wonder whether the statute contemplates that a demand for trial under § 17-7-170 in a court which cannot impanel juries and has no regular terms, should be effective in the first place. See *Adams*, p. 347 (special concurrence).

In other words, the code section at paragraph (a), as amended, provides that the demand shall be binding only in the court where it is filed, "except where the case is transferred from one court to another without a request from the defendant." As we have noted, the result is that if he works his own transfer by making the demand, then the demand is not binding on the second court. Therefore, he must make a new demand. Moreover, the language just quoted does not make sense when applied to a transfer from a court which does not have regular terms and impanelled juries to a court that does, for the only way for the defendant to make a demand in the first court that is binding on the second is to refrain from requesting the transfer, that is, to refrain from making a demand that requires a transfer.

There is therefore not much point in suggesting that he can make

a timely demand in the second court only if he has first filed a demand in the traffic or city court, for there the demand would not have done him any good. It would not have gained him a trial, but only a transfer which, because it was effected at his own "request," rendered the demand not binding in the transferee court that could try him. Such a demand in the prior court would not be effective to win him a discharge and acquittal because that prior court cannot try him pursuant to § 17-7-170. He would have to make a new demand in any case. There is therefore no reason to suggest that, because he did not make a demand in a court which could not give him a trial in accordance with § 17-7-170, he cannot make a demand for trial after being bound over to the jurisdiction of another court, where a new accusation is filed and he makes his demand at that term or the next regular term.

The logic of our conclusion is well proved in this case. Appellant Marks did not make a demand for trial in the city court when the UTC was issued in September 1986, but if he had, it would not have gained him a trial but only a transfer, and would not have been binding in the next court. After the city court itself made the transfer by binding his cases over to the Fulton State Court, the prosecution, in October 1986, filed an accusation in Fulton State Court: "[A]t the next succeeding regular term of court," he filed a demand for trial. He complied with the terms of the statute, as strictly construed (see *Little v. State*, 188 Ga. App. 410 (373 SE2d 260)). He was not called for trial when he made his demand, nor at the next succeeding regular term after that. When he was finally called for trial the following year, in November 1987, he was entitled to a full discharge and acquittal. The State has not been put out of any "rights" whatever by this result, since it had plenty of notice of the demand for trial and plenty of opportunity to try him.

The trial court erred in denying the discharge and acquittal in this case, but understandably; this code section has always been an awkward fit when applied to cases which are first prosecuted or filed in any court which, having no jury and perhaps no regular terms, cannot grant the defendant the trial he is demanding. This is the more true in view of the further complication that in binding over such a case, the State is not necessarily required to file a new accusation (see OCGA § 40-13-3; *Collins v. State*, 154 Ga. App. 651 (269 SE2d 509)); thus, if the State failed to file a new accusation, the defendant would have nothing to which to file a demand in a timely fashion. A new accusation was filed in Fulton State Court and appellant timely pleaded to it within the terms of the statute.

*Judgment reversed. Deen, P. J., and Benham, J., concur.*

DECIDED APRIL 12, 1989 —
REHEARING DENIED JUNE 26, 1989 — 

*Daniel F. Byrne*, for appellant.

*James L. Webb, Solicitor, E. Duane Cooper, Suzanne Wynn, Helen A. Roan, Assistant Solicitors*, for appellee.