A89A1445. CLIATT v. THE STATE.
(389 SE2d 568)

DEEN, Presiding Judge.

Prosecution of the appellant for traffic violations was initiated in the Gwinnett Recorder's Court, which does not provide for juries in its jurisdiction. When the appellant filed a demand for speedy trial pursuant to OCGA § 17-7-170, the recorder's court transferred the matter to the Gwinnett State Court. This appeal follows the trial

court's denial of the appellant's subsequent motion for discharge and acquittal filed in the state court.

In *Adams v. State*, 189 Ga. App. 345 (375 SE2d 642) (1988), and *Marks v. State*, 192 Ga. App. 106 (384 SE2d 186) (1989), two cases that also originated in recorder's courts but were transferred to state courts, this court held that the only valid demand for trial was that filed in the transferee state court. In the instant case, the appellant filed a demand for trial in the recorder's court but not in the state court after the case was transferred. Under *Adams* and *Marks*, that demand for trial was ineffective to invoke the sanction of discharge and acquittal under OCGA § 17-7-170, and the trial court properly denied the appellant's motion for discharge and acquittal.

Some confusion may exist as to whether *Adams* has any precedential value; however, the procedural ruling in *Adams* stated above was a common denominator for all three judges on the deciding panel and is binding authority. To further clarify the law regarding the construction and application of OCGA § 17-7-170, we hold that the proper reading of the statute is that stated by the special concurrence in *Adams* at 347, i.e., "that a demand for trial would be effective to invoke the statutory sanction of mandatory acquittal only if filed in a court of record having both regular terms and the authority to impanel juries."

*Judgment affirmed. McMurray, P. J., Banke, P. J., Pope and Beasley, JJ., concur. Carley, C. J., Birdsong, Sognier and Benham, JJ., dissent.*

BENHAM, Judge, dissenting.

While I agree with the majority that a demand for speedy trial is effective to invoke the statutory sanction of mandatory acquittal only when filed in a court of record having both regular terms and the authority to impanel juries, I do not agree with the majority's decision that the demand originally filed in recorder's court was not effective in state court. The majority implicitly holds that a viable demand can never be *filed* in a non-jury, non-term court, thereby vitiating that portion of OCGA § 17-7-170 which provides for viability upon transfer without the defendant's request.

The 1987 amendment to OCGA § 17-7-170 provides that "the demand for trial shall be served on the prosecutor and shall be binding only in the court in which the demand is filed, *except where the case is transferred from one court to another without a request from the defendant.*" (Emphasis supplied.) OCGA § 17-7-170 (b) requires that a defendant be absolutely discharged and acquitted of the offense charged if he "is not tried when the demand is made or at the next succeeding regular court term thereafter, provided at both court terms there were juries impaneled and qualified to try him." In *Ad-*

*ams v. State*, 189 Ga. App. 345 (2) (375 SE2d 642) (1988), three judges of this court held that the wording of the statute implied that a demand for speedy trial was applicable only in courts which have terms and impanel juries, because without those measuring factors it would be impossible to determine if the demand were timely filed or whether the statutory period in which the trial must be held had run. Only one judge voiced the opinion that the defendant's demand for speedy trial, made in a court which did not impanel juries, constituted a request by the defendant to transfer the case to a court that impaneled juries and had terms of court. Id. at 347.[1] Two judges specially concurring noted that the lone judge's interpretation of the 1987 amendment placed a defendant in a "Catch-22" situation, i.e., that a defendant was entitled to file a demand for speedy trial in a non-jury court but that by doing so he was requesting a transfer to a court with terms and juries, with the result that upon such transfer the demand for speedy trial became invalid under OCGA § 17-7-170 since the transfer came at the "request" of the defendant.[2] The two judges specially concurring concluded that a demand filed in a non-jury court was ineffective to invoke the statutory sanction.

The "Catch-22" can be avoided by adopting the position first enunciated by the special concurrence in *Adams*, and now voiced by the majority, that "a demand for trial would be effective to invoke the statutory sanction of mandatory acquittal only *if filed in a court of record having both regular terms and the authority to impanel juries.*" However, it must be noted that, while the majority does not recognize it, the statute itself envisions that a demand for trial may be deemed to have been filed in a court having both terms and juries if it were filed in a non-jury court and the case transferred, without a request by the defendant, to a court having both terms and juries (e.g., where a DUI, filed in recorder's court, is upgraded to vehicular homicide and transferred to superior court). Thus, a defendant could *file* a demand for speedy trial in recorder's court, but it would not become *effective* to invoke the statutory sanction of mandatory acquittal until that demand was filed in a court with terms and juries. The demand would be filed in the court with terms and juries as of the date the case is transferred by some action other than the defendant's request for a transfer to that court. This would occur automatically, just as the uniform traffic citation filed in recorder's court acts

---

[1] The one-judge conclusion that a demand for speedy trial constitutes a request for transfer has no precedential value. Court of Appeals Rule 35 (b). The inclusion of the same statement in *Marks v. State*, 192 Ga. App. 106 (384 SE2d 186) (1989) is not cause for concern in that it is dicta, a statement "concerning some . . . legal proposition not necessarily involved nor essential to determination of [that] case." Black's Law Dictionary, 4th ed., 1951.

[2] This is exactly the posture in which the majority now places appellant.

as the accusation in a case transferred to state court. See *Majia v. State*, 174 Ga. App. 432 (330 SE2d 171) (1985). That is not to say that a demand filed in a non-jury court is *effective* the day it is filed, for implicit in the statute is that the demand be *effective* only in courts which have juries and terms of court. See *Ramsey v. State*, 189 Ga. App. 91, 93 (375 SE2d 63) (1988); *Adams v. State*, supra, Div. 2. It is to say that a demand for speedy trial, filed in a non-jury non-term court, lies dormant until the case, for any reason other than the defendant's request to transfer, is transferred to a court with terms and juries, where the nascent demand would invoke the statutory sanction of acquittal since it would then be filed in a court with terms and juries. The statutorily-set time within which the defendant must be tried would begin to run as of the date of the filing in the court with terms and juries. If the case were transferred at the defendant's request, his pre-transfer demand for speedy trial would, as OCGA § 17-7-170 provides, be ineffective. If the case were not transferred at all, the defendant's demand would lie dormant, ineffective to invoke the statutory sanction of acquittal, until disposition of the case. Thus, a defendant may make his statutorily-permitted demand for trial and is protected from the vagaries of transfer that occur for reasons other than his request for transfer. See, e.g., *Marks v. State*, supra. To hold, as the majority does, that a viable demand can never be *filed* in a non-jury, non-term court vitiates that portion of the statute which provides for viability upon transfer without the defendant's request.

Applying the principles enunciated above to the facts of the case at bar, I conclude that the trial court erroneously denied appellant's motion for discharge and acquittal because two terms passed after the case was transferred to a court with terms and juries, without appellant having requested the transfer, and appellant was not tried. The record contains no motion to transfer, and appellant's attorney stated in his place at the hearing on the motion for discharge that he had not filed any such motion. Since the case was transferred to a court with terms and juries for some unknown reason and without appellant having requested such a transfer, his nascent demand for speedy trial became effective September 22, 1988, the day his case was bound over to the state court by the recorder's court. The deputy clerk of the state court testified that there were juries impaneled the weeks of September 19 and 26, and October 3, 10, 17, 24, and 31 (the September term of court) as well as in the November term. Appellant filed his motion for discharge on January 6, 1989 (the January term). Since appellant had to be tried pursuant to his demand for speedy trial in the September or November term of court and was not, his motion for discharge and acquittal should have been granted. Accordingly, I would reverse the judgment of the trial court denying appellant's motion for discharge and acquittal.

I am authorized to state that Chief Judge Carley, Judge Birdsong and Judge Sognier join in this dissent.

DECIDED DECEMBER 5, 1989 —
REHEARING DENIED DECEMBER 20, 1989 —

*Charles A. Mullinax*, for appellant.
*Gerald N. Blaney, Jr.,* Solicitor, *Robert Greenwald, David M. Fuller,* Assistant Solicitors, for appellee.