## A92A0516. HARP v. THE STATE.
(420 SE2d 6)

BEASLEY, Judge.

Appellant was arrested by officers of the Union City Police Department on January 27, 1990. Uniform Traffic Citations were issued against her for driving under the influence of alcohol, OCGA § 40-6-391, and driving with an expired license, OCGA §§ 40-5-20; 40-5-120 (4). She was ordered to appear at the City Court of Union City on March 22, 1990, to answer the charges.

On May 17, 1990, appellant filed a "demand and waiver" stating that she "waives a trial by jury in order to be tried in the City Court of Union City and objects to transferring this case to any other court and waives no rights to which she is entitled. In the event this case is transferred to another court, then defendant demands a trial by jury pursuant to OCGA § 17-7-170 at the present term of the State Court of Fulton County or the next term or else the charges be dismissed with prejudice."

On October 29, 1990, appellant filed a plea in bar in the State Court of Fulton County on the ground that the case had been transferred from the City Court to the State Court, and she had not been tried during three terms of State Court, even though at these terms of court there were juries empaneled and qualified to try her. On October 29, 1990, the State Court denied that plea in bar.

Appellant filed a second plea in bar on April 29, 1991, again requesting dismissal pursuant to OCGA § 17-7-170, on grounds that she had not been tried during the two subsequent terms of State Court, even though there were jurors empaneled and qualified to try her. That plea was denied on June 24, 1991, and it is from the denial of it that appellant appeals.

1. A primary dispute is whether appellant objected to transfer of the case from City Court to State Court.

After the appeal was docketed here, appellant requested the trial court to supplement the record with the transcript of the preliminary hearing in City Court, in order to show that the case was transferred from City Court to State Court over appellant's objection. Following a conference between the trial judge and counsel for the parties, the trial judge refused to have this transcript transmitted because it was not considered by the trial court in ruling on appellant's plea in bar. Appellant has moved this court pursuant to OCGA § 5-6-41 (f) to supplement the record with this transcript.

Evidence never actually admitted at trial cannot properly become part of the record on appeal pursuant to OCGA § 5-6-41 (f). *Ray v. Standard Fire Ins. Co. of Ala.*, 168 Ga. App. 116, 117 (1) (308 SE2d 221) (1983). That section is solely for the purpose of making the record speak the truth, not for adding evidence to the record or supply-

ing fatal deficiencies after the fact. *Wigley v. State*, 194 Ga. App. 7, 9 (7) (389 SE2d 769) (1989). "Any issue as to the correctness of the record is to be resolved by the trial court [cit.], for that court retains jurisdiction even after the case is docketed in this Court to add additional record, [cit.], and 'is still the final arbiter of any differences in the preparation of the record.' [Cit.]" *Pelletier v. Schultz*, 157 Ga. App. 64, 68 (6) (276 SE2d 118) (1981). The motion is denied.

2. Whether the defendant objected to the transfer is said to be material because OCGA § 17-7-170 (a), as amended in 1987, provides in pertinent part that, "the demand for trial shall be served on the prosecutor and shall be binding only in the court in which the demand is filed, except where the case is transferred from one court to another without a request from the defendant."

Thus, the question under the statute is whether the case was transferred "without a request from the defendant," not whether the defendant objected to the transfer. The case was transferred without request from the defendant. However, the denial of defendant's plea in bar must be affirmed for another reason.

A demand for speedy trial filed in a municipal court, which is not a court of record having both regular terms and the authority to impanel juries, is ineffective, and if the case is transferred to State Court even without a request from the defendant, the only valid demand for speedy trial is that which has been filed anew in the transferee State Court. See *Cliatt v. State*, 194 Ga. App. 110 (389 SE2d 568) (1989), cert. denied, see 194 Ga. App. 911. Harp's demand for speedy trial was not filed anew in State Court.

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 6, 1992 —
RECONSIDERATION DENIED JUNE 10, 1992 — 

*Virgil L. Brown & Associates, Virgil L. Brown, Eric D. Hearn, Bentley C. Adams III, Patricia A. Buttaro*, for appellant.

*James L. Webb, Solicitor, R. Lee O'Brien, Jr., Helen A. Roan, Assistant Solicitors*, for appellee.