A99A2438. VEDDER v. THE STATE.
(527 SE2d 249)

PHIPPS, Judge.

Ronald S. Vedder was charged with speeding in Duluth Municipal Court. Vedder's case was transferred to Gwinnett County State

Court because Vedder filed a demand for speedy trial by jury in the municipal court, which does not conduct jury trials. He did not file a demand for speedy trial in the state court. In the state court, Vedder made two motions for discharge and acquittal on the ground of non-compliance with the speedy trial demand he had filed in the municipal court. Both motions were denied, and, ultimately, the State was allowed to nolle prosse the case. Vedder opposed the nolle prosse because the State would retain authority to prosecute the charge. He appeals the denials of his motions for discharge and acquittal and the grant of the nolle prosse. Because Vedder's demand for trial was not effective, we affirm the denial of Vedder's motions and the grant of the nolle prosse.

> A demand for speedy trial filed in a municipal court, which is not a court of record having both regular terms and the authority to impanel juries, is ineffective, and if the case is transferred to State Court even without a request from the defendant, the only valid demand for speedy trial is that which has been filed anew in the transferee State Court. [Cit.][1]

The Duluth City Court does not impanel juries or hold jury trials.[2] Because Vedder did not file a demand for speedy trial in the state court, he did not file an effective demand for speedy trial.

" 'When a recommendation is made that an [accusation] be nol-prossed, it is within the discretion of the trial court whether to follow the recommendation. (Cit.)' [Cit.]"[3] Because Vedder had not filed an effective demand for speedy trial, the trial court did not abuse its discretion in allowing the State to enter a nolle prosse.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 16, 1999.

Ronald S. Vedder, *pro se.*
*Gerald N. Blaney, Jr., Solicitor, Jeffrey P. Kwiatkowski, Emilien O. Loiselle, Jr., Assistant Solicitors*, for appellee.

---

[1] *Harp v. State*, 204 Ga. App. 527, 528 (2) (420 SE2d 6) (1992).
[2] *Adams v. State*, 189 Ga. App. 345, 346 (2) (375 SE2d 642) (1988).
[3] *Wilcox v. State*, 236 Ga. App. 235, 238 (3) (511 SE2d 597) (1999).