A00A1423. FAUSNAUGH v. THE STATE.
A00A1426. BELL v. THE STATE.
(534 SE2d 554)

MCMURRAY, Senior Appellate Judge.

Defendants Matthew S. Fausnaugh, on April 2, 1998, and Robert B. Bell, on October 15, 1998, were stopped separately while driving through Henry County and cited with various traffic offenses.[1] The uniform traffic citations were filed in the Probate Court of Henry County. The evidence shows that each defendant thereafter filed a demand for speedy trial under OCGA § 17-7-170 in the probate court.

---

[4] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).
[5] "[E]ither party shall have the right to have the witnesses of the other party examined out of the hearing of each other." OCGA § 24-9-61.
[1] In Case No. A00A1423, Fausnaugh was charged with driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)). In Case No. A00A1426, Bell was charged with weaving over the roadway (OCGA § 40-6-48), failure to show proof of insurance (OCGA § 40-6-10), driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)), and driving with an open container of alcohol (OCGA § 40-6-253).

Subsequently, the cases were transferred to the State Court of Henry County upon the effective date of its creation as a state court. Neither defendant filed a demand for speedy trial in the state court. On appeal, defendants separately appeal from the state court's denial of motions for discharge and acquittal upon the State's non-compliance with the speedy trial demands each filed separately in probate court. Since each defendant has raised an identical issue in his appeal, with defendant Bell adding a further assertion that error was committed in denying his plea in bar, we will consider these appeals consolidated for the purposes of appeal. *Held*:

### Case Nos. A00A1423 and A00A1426

1. The state court did not err in denying defendants' motions for discharge and acquittal.

> A demand for speedy trial filed in a municipal court, which is not a court of record having both regular terms and the authority to impanel juries, is ineffective, and if the case is transferred to State Court even without a request from the defendant, the only valid demand for speedy trial is that which has been filed anew in the transferee state court. [Cit.][2]

As to its jurisdiction over traffic offenses, the Henry County Probate Court, like the State's municipal courts, neither impanels juries nor holds jury trials.[3] Because neither defendant filed a demand for speedy trial in state court, the state court did not err in denying their motions for discharge and acquittal on such basis.[4]

2. The state court did not err in denying Bell's plea in bar for want of jurisdiction under OCGA § 40-13-21 (a) because, upon the effective date of the creation of the State Court of Henry County, the Probate Court of Henry County lost its jurisdiction to hear and decide misdemeanor traffic offenses by operation of law. OCGA § 40-13-21 (b) pertinently provides:

> The probate court shall have jurisdiction to issue warrants, try cases, and impose sentence thereon in all misdemeanor cases arising under the traffic laws of this state in all coun-

---

[2] *Vedder v. State*, 241 Ga. App. 578, 579 (521 SE2d 600), citing *Harp v. State*, 204 Ga. App. 527, 528 (2) (420 SE2d 6); accord *State v. Gerbert*, 267 Ga. 169, 170 (475 SE2d 621) ("[T]he statutory right to demand a speedy trial of a traffic offense in state court attaches when the uniform traffic citation is filed with the court.").

[3] OCGA § 40-13-21 (b).

[4] *Vedder v. State*, 241 Ga. App. at 579, supra.

ties of this state in which there is no city, county, or state court, provided the defendant waives a jury trial.

It is uncontroverted in the record that the State Court of Henry County was created by law[5] by the General Assembly of Georgia, effective January 1, 1999.[6] As a consequence, the probate court's jurisdiction to hear and decide defendant Bell's case and plea in bar was lost on that date by operation of law, Georgia probate courts having jurisdiction over misdemeanor traffic offenses only when "there is no city, county, or state court . . ." in the county.[7] The state court also clearly having jurisdiction to try all "criminal cases below the grade of felony[,]"[8] it did not err in denying defendant's plea in bar for lack of jurisdiction.

*Judgments affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 11, 2000 —
RECONSIDERATION DENIED MAY 31, 2000 ▮▮▮▮▮▮

*Virgil L. Brown & Associates, Bentley C. Adams III, T. Robert Perkerson,* for appellants.

*John T. Rutherford, Solicitor, Brendan N. Fleming, Assistant Solicitor,* for appellee.

---

[5] Ga. L. 1998, p. 3954, § 1, a local act not codified by the General Assembly.
[6] Id.
[7] OCGA § 40-13-21 (b).
[8] OCGA § 15-7-4 (a) (1).