## A03A1148. OLIVER v. THE STATE.
### (586 SE2d 333)

MIKELL, Judge.

In July 2001, Keith Lamar Oliver was charged with driving under the influence of alcohol to the extent that he was a less safe driver, OCGA § 40-6-391 (a) (1), driving under the influence of alcohol by having an alcohol concentration of 0.10 grams or more, OCGA § 40-6-391 (a) (5), and failure to maintain lane, OCGA § 40-6-48. The charges were brought in the Recorder's Court of Gwinnett County. On October 5, 2001, Oliver filed six motions, demurrers, a waiver of formal arraignment and plea of not guilty, a waiver of right to jury trial, and a "Demand for Speedy Bench Trial Under OCGA § 17-7-170." On October 11, 2001, Gary Vey, Assistant Solicitor-General of the State Court of Gwinnett County, filed an accusation in the state court against Oliver based on the same offenses. On October 15, 2001, Vey, also acting as assistant solicitor-general for the recorder's court, filed a motion for nolle prosequi in the recorder's court, which motion was granted on the same date. The recorder's court notified Oliver's attorney of the state court accusation and the dismissal of the recorder's court charges on October 15, 2001.

On December 5, 2001, Oliver filed in the state court six motions, demurrers, and a waiver of formal arraignment and plea of not guilty. Oliver did not file a waiver of right to jury trial or a "Demand for Speedy Bench Trial Under OCGA § 17-7-170." The case was scheduled for a bench trial on May 7, 2002, but was not reached. On June 17, 2002, a motion hearing was scheduled. At that hearing, Oli-

---

ver presented to the court a motion for discharge and acquittal pursuant to OCGA § 17-7-170. The trial court denied Oliver's motion, finding that it was incumbent upon Oliver to refile his speedy trial demand in the state court. This appeal followed.

1. First, Oliver argues that the trial court erred in denying his motion pursuant to OCGA § 17-7-170 because he timely filed a demand for speedy trial in the recorder's court. Oliver contends that since he waived his right to a jury trial and requested a speedy bench trial his case is distinguishable from cases previously decided by this Court. We disagree.

A demand for trial under OCGA § 17-7-170 must be filed with the clerk at the term in which the indictment or accusation is filed or at the next succeeding regular court term. OCGA § 17-7-170 (a). The statute further provides that "the demand for trial shall be served on the prosecutor and shall be binding only in the court in which the demand is filed, except where the case is transferred from one court to another without a request from the defendant." Id. If the accused is not tried during the term in which the demand is made, or at the next succeeding term, "provided at both court terms there were juries impaneled and qualified to try him, he shall be absolutely discharged and acquitted. . . ." OCGA § 17-7-170 (b). "Implicit in the wording of this statute is that such a motion is applicable only in courts which have terms and impanel juries. . . ." *Adams v. State*, 189 Ga. App. 345, 346 (375 SE2d 642) (1988). See also *Fausnaugh v. State*, 244 Ga. App. 263 (534 SE2d 554) (2000); *Vedder v. State*, 241 Ga. App. 578 (527 SE2d 249) (1999); *Cliatt v. State*, 194 Ga. App. 110, 111 (389 SE2d 568) (1989), citing *Adams*, supra at 347 (Banke, P. J., concurring specially) ("a demand for trial would be effective to invoke the statutory sanction of mandatory acquittal only if filed in a court of record having both regular terms and the authority to impanel juries"). This Court has further held that, "[a] demand for speedy trial filed in a municipal court, which is not a court of record having both regular terms and the authority to impanel juries, is ineffective, and if the case is transferred to State Court even without a request from the defendant, the only valid demand for speedy trial is that which has been filed anew in the transferee State Court." *Harp v. State*, 204 Ga. App. 527, 528 (2) (420 SE2d 6) (1992).

The Recorder's Court of Gwinnett County neither impanels juries nor has regular terms. See Ga. L. 1972, p. 3125. See also *Cliatt*, supra. Because Oliver did not file a demand for speedy trial in the state court, he did not file an effective demand for speedy trial.[1] Fur-

---

[1] The state argues that whether a case is transferred or nolle prossed is an important distinction, because the documents filed in the case are treated differently according to its disposition in the recorder's court. Because a demand for speedy trial is only effective if filed in a court of record, the Court need not address this issue.

ther, since the recorder's court does not have regular terms, the filing of a demand for speedy *bench* trial does not mandate a contrary result.

2. Second, Oliver argues that his motion should have been granted because he did not "affirmatively act to effectuate" the transfer of his case from recorder's court to state court. Since Oliver's demand for speedy bench trial was ineffective because it was filed in the recorder's court, which is not a court of record having both regular terms and the authority to impanel juries, this argument is irrelevant.

3. Third, Oliver contends that his motion should have been granted because he perfected service of his demand upon the proper official in both courts. Oliver argues that because Vey was the official charged with prosecuting offenses in both the recorder's court and the state court, the state was fully aware of Oliver's demand for speedy trial. We reject this argument. The coincidence that the same prosecutor served in the recorder's court and the state court is irrelevant.

4. In the alternative, Oliver contends that his right to a speedy trial as guaranteed by the United States and Georgia Constitutions was violated. *Barker v. Wingo*, 407 U. S. 514 (92 SC 2182, 33 LE2d 101) (1972), requires a court to balance four factors in determining whether a defendant's constitutional right to a speedy trial has been denied, including: (a) the length of the delay; (b) the reason for the delay; (c) the defendant's assertion of his right; and (d) prejudice to the defendant. The test recognizes that the burden of protecting the right to a speedy trial does not rest solely with an accused. *Jackson v. State*, 272 Ga. 782, 783 (534 SE2d 796) (2000). On appeal, the denial of a defendant's constitutional speedy trial claim is reviewed for abuse of discretion. *Jernigan v. State*, 239 Ga. App. 65 (517 SE2d 370) (1999).

(a) *The length of the delay.* As a delay approaches one year, it is considered "presumptively prejudicial." *Doggett v. United States*, 505 U. S. 647, 652, n. 1 (112 SC 2686, 120 LE2d 520) (1992); accord *Boseman v. State*, 263 Ga. 730, 732 (1) (a) (438 SE2d 626) (1994). "[A]s the term is used in this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry." *Doggett*, 505 U. S. at 652, n. 1.

The record reflects that on July 12, 2001, Oliver was issued uniform traffic citations for driving under the influence of alcohol to the extent that he was a less safe driver, OCGA § 40-6-391 (a) (1), driving under the influence of alcohol by having an alcohol concentration of 0.10 grams or more, OCGA § 40-6-391 (a) (5), and failure to maintain

lane, OCGA § 40-6-48. The accusations were not filed in the state court until October 11, 2001. As we previously noted, Oliver never filed a demand for speedy trial in the state court, however, on December 5, 2001, Oliver filed several motions including a motion for discovery, a motion for disclosure of scientific reports, a motion to exclude or suppress, a motion in limine, and a motion to dismiss. It appears the case was scheduled for trial and/or a motions hearing on March 14, 2002, but was continued at Oliver's request. The case was rescheduled for May 7, 2002. Oliver and his counsel announced ready at that calendar call, but the case was not reached. The record also shows that on June 3, 2002, Chief Judge Howard Cook issued an order denying Oliver's counsel's application for leave of absence because "[t]he leave requested by counsel sets forth various dates between March of 2002 and January of 2003, which total in excess of sixty (60) days." Oliver's counsel previously filed a notice of leave of absence on November 21, 2001. According to that notice, counsel would be away from the practice of law for at least one week in January 2002, one week in February 2002, one week in March 2002, one week in April 2002, and one week in May 2002. On June 17, 2002, the case appeared on a motions calendar for a hearing on Oliver's motion to dismiss on grounds he was arrested without probable cause. At that hearing, Oliver's counsel moved — for the first time — to discharge and acquit. The motion for discharge and acquittal was signed by counsel on June 17, 2002, but was not filed until July 8, 2002.

The record is not clear about when this case first appeared on a trial calendar and/or a motions calendar. It appears there was an eight-month delay between the time of Oliver's arrest on July 12, 2001, and when his case was initially set for trial on March 14, 2002; accordingly, the delay is not presumptively prejudicial. However, in its brief the state neither concedes that the delay was presumptively prejudicial, nor argues that it was not. The state merely contends that "[t]he delay here was less than one year from arrest to the [m]otions hearing [on June 17, 2002], and approximately eight months from the date of accusation in [s]tate [c]ourt and the [m]otions hearing."[2] Because the state does not argue either way, we will deem the delay unreasonable enough to trigger a *Barker* inquiry and consider the remaining factors.

(b) *The reason for the delay.* The delay was partially attributed to the fact that Oliver's counsel requested a continuance and several leaves of absence. Furthermore, counsel filed numerous motions that

---

[2] A defendant's right to a speedy trial attaches at the time of arrest or when formal charges are brought, whichever is earlier. *Boseman*, supra at 731 (1).

had to be ruled on before trial could commence. Thus, to a considerable extent, the delay was due to the actions of Oliver's counsel, not the state. Accordingly, this factor must be weighed as a "relatively benign" consideration against the state. *Jackson*, 272 Ga. at 784. See also *Smith v. State*, 275 Ga. 261, 262-263 (564 SE2d 441) (2002).

(c) *The defendant's assertion of his right to a speedy trial.* As discussed above, Oliver failed to assert his statutory right to a speedy trial, and he did not assert his constitutional right until June 17, 2002. Oliver's "delay in asserting [his] right is a factor we must weigh heavily against [him]." *Haisman v. State*, 242 Ga. 896, 898 (2) (252 SE2d 397) (1979).

(d) *Prejudice to the defendant.* The test for whether a defendant has been prejudiced requires the court to consider three interests: preventing oppressive pretrial incarceration; minimizing a defendant's anxiety and concern; and, limiting the possibility that the defense will be impaired. *Thomas v. State*, 233 Ga. App. 224, 225 (2) (504 SE2d 59) (1998). On appeal, Oliver merely states that he demanded a speedy trial "to avoid a long delay of a pending court case." Because Oliver does not address any of these three factors, he has made no showing of prejudice.

Balancing the four *Barker* factors, we conclude that Oliver's constitutional right to a speedy trial was not violated. The trial court did not err in denying Oliver's motion for discharge and acquittal.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED JULY 2, 2003 —
RECONSIDERATION DENIED AUGUST 4, 2003.

*Head, Thomas, Webb & Willis, Gregory A. Willis*, for appellant.
*Gerald N. Blaney, Jr.*, Solicitor-General, *Wanda L. Vance*, Assistant Solicitor-General, for appellee.