## A04A0996. CONLEY v. THE STATE.
### (598 SE2d 897)

ANDREWS, Presiding Judge.

Carlton Conley appeals from the order of the Superior Court of Butts County denying his motion to be discharged and acquitted of the offenses of driving under the influence of alcohol and speeding on grounds that the State failed to comply with his demand for a speedy trial pursuant to OCGA § 17-7-170. Because we find that Conley did not properly file a demand for speedy trial in the superior court, we affirm.

The DUI and speeding charges against Conley were brought in the Probate Court of Butts County on uniform traffic citations. Conley filed a speedy trial motion pursuant to OCGA § 17-7-170 in the probate court and moved for the charges to be transferred to the superior court. After the case was transferred and the charges brought against Conley by indictment in the superior court, Conley filed a motion for discharge and acquittal in the superior court claiming that the State failed to comply with his speedy trial demand. Conley contended in the motion that, when the speedy trial demand he filed in the probate court was transferred to the superior court, the State was required pursuant to OCGA § 17-7-170 to try him during the term of superior court in which the transfer occurred or during the next succeeding term, because juries were impaneled and qualified to try him during those terms. It is undisputed that Conley did not file a new speedy trial demand in superior court; rather, he claimed that the demand he filed in the probate court was properly filed in the superior court when the superior court clerk stamped the transferred probate court records as filed in the superior court.

It is not necessary to deal with Conley's contention that the State failed to try him during the two term requirement of OCGA § 17-7-170, because we find that Conley failed to file a speedy trial demand in the superior court as required by the statute. The speedy trial demand filed by Conley in the probate court was ineffective because the probate court was not a court which had the authority to impanel juries to try him on the charges. OCGA § 40-13-21 (b); *Fausnaugh v. State*, 244 Ga. App. 263, 264 (534 SE2d 554) (2000). Moreover, OCGA § 17-7-170 plainly states that: "The demand shall be binding only in the court in which the demand is filed, except where the case is transferred from one court to another without a request from the defendant." Regardless of the nature of the transferring court, because Conley requested that his case be transferred to the superior court, the transferred speedy trial demand was not binding in the superior court, nor was it filed in the superior court within the meaning of OCGA § 17-7-170. It follows that Conley failed to file a demand for a speedy trial in the superior court pursuant to OCGA § 17-7-170.

Conley's claim that OCGA § 17-7-170 is unconstitutionally vague was not ruled on by the trial court, so it presents nothing for appellate review. *Santana v. Ga. Power Co.*, 269 Ga. 127, 129 (498 SE2d 521) (1998).

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED APRIL 23, 2004.

*Michael B. King*, for appellant.
*Richard G. Milam, District Attorney*, for appellee.