## A05A0714. SA v. THE STATE.
(618 SE2d 616)

MIKELL, Judge.

In Uniform Traffic Citations issued on January 30, 2003, Dejay Dongyun Sa was charged with driving under the influence ("DUI"), OCGA § 40-6-391, DUI of alcohol to the extent that he was a less safe driver, OCGA § 40-6-391 (a) (1), serious injury by vehicle, OCGA

§ 40-6-394, hit and run, OCGA § 40-6-270 (b), and failure to exercise due care, OCGA § 40-6-93. The charges were brought in the City Court of Atlanta. On February 7, 2003, Sa filed a demand for speedy trial. On October 17, 2003, the case was transferred to the Superior Court of Fulton County, where Sa was indicted for homicide by vehicle in the first degree, OCGA § 40-6-393 (based on underlying violations of OCGA §§ 40-6-391 and 40-6-270 (b)) (Count 1); hit and run, OCGA § 40-6-270 (Count 2); DUI of alcohol to the extent that he was a less safe driver, OCGA § 40-6-391 (a) (1) (Count 3); and failure to exercise due care, OCGA § 40-6-93 (Count 4). At a hearing on October 21, 2004, Sa moved for discharge and acquittal on speedy trial grounds. The trial court denied Sa's motion, finding (1) that his speedy trial demand was defective because it was not filed in the proper court, and (2) that his constitutional rights were not violated. This appeal followed.

1. The state has moved to dismiss this appeal contending that we cannot resolve the issues because neither the indictment nor any document pertaining to Sa's demand for a speedy trial are included in the record. We disagree. The indictment is included in the record and we granted Sa's motion to supplement the record with a copy of the demand for speedy trial. Accordingly, the state's motion is denied.

2. Sa contends that the trial court erred in denying his motion for discharge and acquittal because he met the requirements of OCGA § 17-7-170. Under OCGA § 17-7-170, any person indicted for a non-capital offense may enter a demand for trial during the court term when the indictment was filed or during the next regular court term.[1] If the person is not tried when the demand is made or during the next regular court term, provided that juries were impaneled and qualified for trial during both court terms, then the person shall be absolutely discharged and acquitted of the offense charged in the indictment.[2] The statute further provides that "[t]he demand shall be binding only in the court in which the demand is filed, except where the case is transferred from one court to another without a request from the defendant."[3] "Implicit in the wording of this statute is that such a motion is applicable only in courts which have terms and impanel juries."[4]

---

[1] OCGA § 17-7-170 (a). The protections of OCGA § 17-7-170 apply to charges made by Uniform Traffic Citations. See *State v. Davis*, 243 Ga. App. 867, 868 (534 SE2d 159) (2000), citing *State v. Gerbert*, 267 Ga. 169, 170 (475 SE2d 621) (1996). See also OCGA § 40-13-1.

[2] OCGA § 17-7-170 (b).

[3] OCGA § 17-7-170 (a).

[4] *Adams v. State*, 189 Ga. App. 345, 346 (2) (375 SE2d 642) (1988). See also *Fausnaugh v. State*, 244 Ga. App. 263 (534 SE2d 554) (2000); *Vedder v. State*, 241 Ga. App. 578 (527 SE2d 249) (1999); *Cliatt v. State*, 194 Ga. App. 110, 111 (389 SE2d 568) (1989) ("a demand for trial would

This case was transferred without a request from Sa and was not placed on a trial calendar until October 2004. Further, as Sa correctly points out, the City Court of Atlanta is a constitutional court with jury jurisdiction and two terms of court.[5] Accordingly, the speedy trial demand was binding in the superior court. However, it was binding only as to Counts 2, 3, and 4 of the indictment.

> [A] speedy trial demand effective as to the first indictment, and adopted after reindictment, is effective as to the repeated charges in the second. The original demand, however, does not apply to new charges first appearing in the second indictment.[6]

The original uniform traffic citations charged Sa with DUI; DUI of alcohol to the extent that he was a less safe driver; serious injury by vehicle; hit and run; and failure to exercise due care. Though Counts 2, 3, and 4 of the indictment issued on October 17, 2003, repeat these charges, Count 1, charging Sa with first degree vehicular homicide, is a new charge. Since Sa did not file a new speedy trial demand after the October indictment, the original demand was ineffective as to the added vehicular homicide count.[7] Accordingly, the trial court properly denied Sa's motion for discharge and acquittal as to Count 1 of the October indictment, but erred in denying the motion as to Counts 2, 3, and 4.

3. In light of our holding in Division 2, we need not address Sa's contention that the trial court erred in finding that his constitutional rights were not violated.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Phipps, J., concur.*

DECIDED JULY 7, 2005 —
RECONSIDERATION DENIED JULY 28, 2005.

---

be effective to invoke the statutory sanction of mandatory acquittal only if filed in a court of record having both regular terms and the authority to impanel juries") (punctuation omitted), citing *Adams,* supra at 347 (Banke, P. J., concurring specially).

[5] See *Odum v. State,* 255 Ga. App. 70, 71, n. 1 (564 SE2d 490) (2002), citing Ga. L. 1967, p. 963; *Cross v. State,* 272 Ga. 282-283 (528 SE2d 241) (2000) ("[t]he statute creating the City Court of Atlanta as a state court of limited jurisdiction provides for two terms of court"), citing Ga. L. 1996, pp. 627, 635 and OCGA § 15-7-40. Compare *Harp v. State,* 204 Ga. App. 527, 528 (2) (420 SE2d 6) (1992) (demand for speedy trial filed in City Court of Union City was ineffective in the transferee state court).

[6] (Punctuation and footnotes omitted.) *Banks v. State,* 251 Ga. App. 421, 423 (1) (554 SE2d 500) (2001).

[7] See id. at 426 (3).

*Head, Thomas, Webb & Willis, William C. Head*, for appellant.
*Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Shondeana G. Crews, Assistant District Attorneys*, for appellee.